LES SCHWIMLEY MOTORS, INC., a California corporation, Plaintiff,

v.

CHRYSLER MOTORS CORPORATION, a Delaware corporation, and Chrysler Corporation, a Delaware corporation, and Does I through X, Defendants.

No. S–66–62–Civ.

United States District Court
E. D. California.

June 30, 1967.

Wilkins & Mix and Brian D. Flynn, Sacramento, Cal., for plaintiff.

McCutchen, Doyle, Brown & Enersen, William W. Schwarzer and David M. Heilbron, San Francisco, Cal., and Keith A. Jenkins, Detroit, Mich., for defendants.

## MEMORANDUM AND ORDER

HALBERT, District Judge.

Plaintiff has filed with this Court a motion by which it seeks transfer of this case to the United States District Court for the District of Nevada. Since the suit could have initially been brought in the Nevada court, a transfer pursuant to Title 28 U.S.C. § 1404(a) would be appropriate upon a finding that such a transfer would be in the interest of justice (See: Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945).

Plaintiff is a corporation organized under the laws of California, authorized to do business in Nevada, and at the time of the operative facts at issue, having its principal place of business in Reno, Nevada. Defendants are Delaware corporations doing business in California, Nevada, and elsewhere. It appears from the record that the parties are the signatories of a contract establishing plaintiff as a Reno, Nevada, authorized dealer in DeSoto automobiles. The contractual intent was embodied in a doc-

ument which indicates execution in Los Angeles, California. According to the complaint the defendants thereafter discontinued the manufacture of DeSoto automobiles, thus apparently dealing a fatal blow to plaintiff's enterprise. On November 4, 1966, the plaintiff filed a complaint in this Court alleging various and sundry causes of action arising out of the above events. Defendants promptly moved to dismiss upon the ground that the applicable statute of limitations had run. Plaintiff then filed the instant motion for change of venue pursuant to Title 28 U.S.C. § 1404(a).[1]

■ It is clear that under any reasonable construction of the jurisdictional facts in this case Nevada, rather than California, is the most appropriate forum for trial. It was there that the business involved was located, and it is there that the bulk of the evidence will no doubt be found.[2] There are, as defendants assert, "contacts" with California, but they are all peripheral to the conduct giving rise to this litigation. Moreover, Nevada law is applicable in determining breach of contract suits arising in that state, even at trial in a California court (See: California Civil Code, § 1646). In short, there can be little honest dispute that Nevada is the convenient and appropriate forum for the prosecution of this case. Defendants assert, however, that the fact that plaintiff has filed its complaint in this Court forever binds it to the California statute of limitations which has assertedly run. Defendants thus contend that any trans-

fer would needlessly prolong this litigation and would be, *a fortiori*, not in the interest of justice. Assuming, *arguendo*, that the California statute is a bar to further litigation in this Court,[3] it does not inexorably follow that upon transfer to another court that the California statute will continue to apply.

■ The nub of defendants' argument is that a change of forum pursuant to the federal statute can never result in a change of law. However, in Van Dusen v. Barrack, supra, upon which defendants rely for their position, the Supreme Court of the United States refused to promulgate such an all inclusive rule. While holding that a change of venue initiated by the defendant should not result in a change of law, the Court refused to rule upon the issue presented by the efforts of plaintiff to do likewise. The *Van Dusen* result followed the developing jurisprudence of diversity jurisdiction and the constitutional doctrine established in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (See: Hill, The Erie Doctrine and the Constitution, 53 Nw.U.L.Rev. 427; Note, The Operation of Federalism in Diversity Jurisdiction: Erie's Constitutional Basis, 40 Ind.L.J. 512). But it does not follow that a statute of limitations, applicable in this Court only by way of a derivative *lex fori*, must be regarded as an inalienable part of the case when the plaintiff seeks to transfer the case to a forum in which it could have originally been brought. As the

1. Plaintiff also invokes Title 28 U.S.C. § 1406. Since venue is proper in this District, that statute has no application in this case (See: Title 28 U.S.C. § 1391).

2. Defendants assert that at least five of their witnesses, apparently employees, are located in California. They do not assert, nor imply, that they will encounter any difficulty in producing those prospective witnesses.

3. The application of the California period of limitations to all suits in the California courts without regard to the interests of the state where the acts giving

rise to the litigation occurred, is a rule which dates to the "Ice Age of conflict of laws jurisprudence" (Pearson v. Northeast Airlines, Inc., 309 F.2d 553 at 557, 92 A.L.R.2d 1162). What the California Supreme Court would now hold appears open to conjecture in light of the scholarly attack upon the rule and the progressive attitude of that court (See: Ehrenzweig, Conflict of Laws (1962) at §§ 160–163; Traynor, Law and Social Change in a Democratic Society, 1956 U.Ill.L.Forum 230, 234; Currie, Justice Traynor and the Conflict of Laws, 13 Stan.L.Rev. 719; Note, Choice of Law after Transfer of Venue, 75 Yale L.J. 90).

Supreme Court noted in Van Dusen v. Barrack, supra:

"* * * [W]e do not and need not consider whether in all cases § 1404(a) would require the application of the law of the transferor, as opposed to the transferee, State. We do not attempt to determine whether, for example, the same considerations would govern if a plaintiff sought transfer under § 1404(a) * * *." (376 U.S. at 639–640, 84 S.Ct. at 821)

Particularly where, as here, the plaintiff could have with equal right proceeded in either forum, it does not seem unreasonable to allow him to invoke the substantial state policies to which he was and is entitled.[4] As will be shown, substantial, though non-judicial, authority supports that proposition.

The American Law Institute, in its impressive Study of the Division of Jurisdiction between State and Federal Courts, has proposed that in those cases where the plaintiff moves for a change of venue the law of the new forum should be applied (See: Proposed Final Draft No. 1 (1965) § 1306(c), pg. 21 and the commentary at pg. 99 et seq.). The Institute is in full accord with the *Van Dusen* rule, but views it as being applicable only to protect the plaintiff in those cases where transfer would abrogate the legal right that was invoked in the federal court. While the wooden application of that rule to all venue transfer cases has a certain symmetry, it is nonetheless unsound. As the Institute recognizes, the interests to be protected are quite different when the plaintiff seeks to transfer a case to a forum in which he could have initially instituted his suit.

The late Professor Brainerd Currie has treated the problem in the case at bar in two articles (See: Change of Venue and the Conflict of Laws, 22 U.Chi.L.

Rev. 405; Change of Venue and the Conflict of Laws: A Retraction, 27 U.Chi.L. Rev. 341, reprinted in Currie, Selected Essays on the Conflict of Laws (1963), at pg. 431). While Professor Currie's first article developed an *ad hoc* approach to the choice of law problem, he subsequently retreated from that position and suggested that in most cases the law that would have obtained in the original forum should remain the law of the case. Significantly, however, he reached a contrary result when the issue involved a statute of limitations:[5]

"Consider, for example the case in which the action is barred by the time limitation of the state in which it is filed, but not (at the time of filing) in the state to which transfer is sought. It is rather difficult to accept the proposition that after transfer to the more appropriate forum the action will be dismissed because the statute of limitations of the original forum still controls, although the action was filed in a court of the federal system in due time so far as the law of the appropriate forum is concerned. The constitutional considerations that are shortly to be mentioned may be of considerable help in this connection as well [Professor Currie then discusses the limitations imposed upon the power of a state to develop conflict of laws rules by the due process and full faith and credit clauses of the Constitution of the United States]." (Change of Venue and the Conflict of Laws: A Retraction, supra at p. 349).

I am in full accord with the views expressed by Professor Currie. Viewing the federal courts as independent forums for the invocation of legal rights created by state law, the essence of the decision in Erie R. Co. v. Tompkins, supra, militates against the unthinking adoption of

---

4. In fact, one reading of Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211, would indicate that the transferee forum's statute of limitations should apply. A contrary reading of Wells is rendered doubtful by the implications of the decision in Byrd v. Blue Ridge Electric Cooperative, Inc., 356 U. S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953.

5. In fact Professor Currie's view of the problem involved here appears to have remained the same. See: 22 U.Chi.L.Rev. 405 at 481–482.

one forum's statute of limitations in a case which no longer has any substantial connection with that forum. If such a course does not violate the due process clause (See: Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926) it certainly violates the sense of "juster justice" that hopefully prevails in the federal system (See: Hart and Wechsler, The Federal Courts and the Federal System (1953) at pp. 652, 892–900; Hart, The Relations between State and Federal Law, 54 Colum.L.Rev. 489).

It is, therefore, ordered that plaintiff's motion for transfer of this case to the United States District Court for the District of Nevada be, and the same is, hereby granted.