**Betty Lou CARSON, Plaintiff-Appellant,**

**v.**

**U–HAUL CO., Arcoa, Inc., and James Michael Gracey, Defendants-Appellees.**

**Fred William CARSON, Plaintiff-Appellant,**

**v.**

**U–HAUL CO., Arcoa, Inc., and James Michael Gracey, Defendants-Appellees.**

**Nos. 20252, 20253.**

United States Court of Appeals, Sixth Circuit.

Dec. 7, 1970.

E. Lewis Hansen, Atlanta, Ga., H. Foster Pettit, McDonald, Alford & Roszell, B. L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, Ky., Candler, Cox, McClain & Andrews, Atlanta, Ga., on the brief, for appellants.

James S. Carroll, Lexington, Ky., Julian W. Knippenberg, Carroll & Knippenberg, Lexington, Ky., on the brief, for appellee, U-Haul and Arcoa, Inc.

D. G. Lynn, Lexington, Ky., A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., on the brief, for appellee, James Michael Gracey.

Before WEICK, McCREE and MILLER, Circuit Judges.

WEICK, Circuit Judge.

This appeal involves a question of conflicts of law as to which state's statute of limitations should be applied in tort actions that have been transferred from a foreign state, under the provisions of 28 U.S.C. §§ 1404(a) and 1406(a), the transfer having been made upon motion of the plaintiffs.

The District Court, 307 F.Supp. 1086, following its decision in Boughton v. Shoulders, 116 F.Supp. 391 (W.D. Ky. 1953), applied the transferee state's statute of limitations which barred the action even before it was commenced in the transferor state. The alleged tort had been committed in the transferee state.

The District Court dismissed the complaints and the plaintiffs appealed. We affirm.

The causes of action set forth in the complaints grew out of an automobile accident which occurred in McCreary County, in the Eastern District of Kentucky. Plaintiffs, who were residents of Georgia, sustained personal injuries in the accident. They brought suits for damages against the defendants in the United States District Court for the Northern District of Georgia, twenty-three months after the accident occurred.

The defendant Gracey was a resident of Kentucky. U-Haul Co. was a Kentucky corporation, with its principal place of business in Tennessee, but it was doing business in Kentucky. Arcoa, Inc. was an Oregon corporation, with its principal place of business in that state.

The plaintiffs endeavored to obtain service of process on U-Haul and Arcoa in the District Court in Georgia, by serving the Secretary of that state on the theory that the corporations were doing business in Georgia. They were unable to obtain service of process on Gracey.

U-Haul and Arcoa denied that they were doing business in Georgia and questioned jurisdiction of the District Court over them. Before that Court had passed upon the question of its jurisdiction, the plaintiffs moved to transfer their cases to the Eastern District of Kentucky. In addition to alleging matters of convenience and the questions concerning jurisdiction of the Georgia District Court, the motion stated:

"(g) Upon the trial of this action, it will be necessary for the court to interpret a number of the applicable statutes and court decisions of the State of Kentucky."

The District Court granted the motion and ordered the cases transferred to the Eastern District of Kentucky.

The defendants filed motions to dismiss the amended complaints filed in the District Court in Kentucky on the ground that the causes of action set forth therein were barred by the Kentucky one-year statute of limitations. K.R.S. 413.140(1) (a). The applicable Georgia statute of limitations was two years. Ga.Code Ann., Sec. 3–1004.

In a diversity case a Federal Court must look to the choice of law rules of the state in which it is sitting in order to determine which statute of limitation governs. Baron Tube Co. v. Transport Ins. Co., 365 F.2d 858 (5th Cir. 1966); Blue v. Maico, 217 F.Supp. 747 (N.D.Ga.1963).

Therefore, if the cases had not been transferred and if Georgia had remained the forum state, the actions would have been timely brought. But the cases had been transferred to Kentucky where they were barred by its statute of limitations even before they were filed in Georgia.

Plaintiffs had been unable to obtain service of process in Georgia on Gracey, and the service of process on the Secretary of State for U-Haul and Arcoa was of questionable validity. If, as U-Haul and Arcoa claimed, they were not doing business in Georgia, the attempted service on the Secretary of State was void and the District Court in Georgia had no jurisdiction over them.

Plaintiffs were thus faced with a serious dilemma. They endeavored to solve their problem by having the cases transferred to Kentucky where they at least could get service of process on two of the defendants, and by claiming that the period of limitation for filing the suits was governed by Georgia law.

The trouble with this contention was that the only contact which Georgia ever had with the cases was the fact that plaintiffs resided there and attempted to bring the suits in that state. However, the accident happened in Kentucky, where the individual defendant resided, and at least one of the corporate defendants was doing business there. All of the witnesses, except medical witnesses, lived in Kentucky; and Kentucky was the new forum state. When the cases

were transferred to Kentucky, Georgia lost what little contact it previously had, and there is no good reason for continuing to apply its law. Les Schwimley Motors, Inc. v. Chrysler Motors Corp., 270 F.Supp. 418 (E.D.Cal.1967).

Plaintiffs relied on Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L. Ed.2d 945 (1964), where the Court applied the law of the transferor state, holding that the transfer entailed merely a change in the courtroom and not in the applicable law. In *Van Dusen*, however, the transfer was at the request of the *defendant*, rather than the plaintiff. The Court did not "attempt to determine whether, for example, the same considerations would govern if a plaintiff sought transfer under § 1404(a)." *Id.* at 640, 84 S.Ct. at 821.

It is inconceivable that plaintiffs, who were residents of Georgia, would ever have requested transfer of their cases to Kentucky if they believed that the Georgia Court had jurisdiction.

We can see a good reason for transfer where it is done for convenience, or in the interest of justice to permit service of process to be obtained on a party. Such a transfer, however, should not prejudice the fundamental rights of either party.

But here the plaintiffs want more than merely to obtain service of process in Kentucky upon parties apparently not properly subject to service of process in Georgia; they want to continue to retain Georgia as the forum state in order to apply that state's longer statute of limitations. This would operate to prejudice the defendants as it has not been established that the Georgia court ever had any jurisdiction over them. If plaintiffs had filed suit in Kentucky instead of in Georgia, the Kentucky statute of limitations would have barred the claims. To allow the procedure which plaintiffs now are attempting to invoke, would encourage forum shopping.

There would have been no problem here if Kentucky's statute of limitations had not run before the suits were filed in Georgia. Such filing would have tolled the Kentucky statute of limitation if it had not already run. Taylor v. Love, 415 F.2d 1118 (6th Cir. 1969), cert. denied, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967); Dubin v. United States, 380 F.2d 813 (5th Cir. 1967).

In Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), relied on by the plaintiffs, the Court upheld a transfer under § 1406(a) even though the transferor court lacked jurisdiction over the defendant. *Goldlawr* is authority for the transfer made in the present case, and nothing more. To the same effect are Taylor v. Love, *supra*; Mayo Clinic v. Kaiser, *supra*; Dubin v. United States, *supra*.

We do not question the validity of the transfer here. We hold only that since the transfer was at the request of the plaintiffs, Georgia was no longer the forum state. Kentucky became the new forum state and its statute of limitations controlled.

Affirmed.