**Chester BANKS and Mary Banks, Plaintiffs and Appellants,**

v.

**Donald Alex SHEPPARD, Defendant and Appellee.**

No. 25441.

United States Court of Appeals, Ninth Circuit.

Jan. 11, 1971.

R. Jay Engel (argued), San Francisco, Cal., for plaintiffs and appellants.

Cyril Viadro (argued), of Barfield, Barfield, Dryden & Ruane, San Francisco, Cal., for defendant and appellee.

Before BARNES, KOELSCH, and HUFSTEDLER, Circuit Judges.

**PER CURIAM:**

Appellants appeal from an order dismissing their personal injury action against appellee following appellee's successful motion to quash service of process for want of personal jurisdiction over him.

The action arises from an automobile accident in Nevada. Appellants were and are California residents. Appellee at all material times has been a resident of South Dakota. Appellants received an order for substituted service on appellee. Appellee appeared specially and moved to quash. The motion was properly granted because appellee had no contacts at all with California. California's long-arm statute could not authorize constructive service upon the appellee. Therefore, Rule 4(d), Fed.R.Civ. Proc., granting to federal district courts the same long-arm powers enjoyed by the courts of the states in which they sit, could not have authorized this substituted service.

Appellants argue that, even if service could not be effected under Rule 4(d), service was proper under Rule 4(e). In pertinent part, Rule 4(e) provides:

"Whenever a statute of the United States or an order of court thereunder provides * * * service may be made under the circumstances and in the manner prescribed by the statute or order * * *."

Appellants' theory is that Rule 4(e) gives the district court discretionary

power to order service of process anywhere in the nation and that the district court's issuance of its initial order for service was an appropriate exercise of that discretion, because appellants read Rule 4(e)'s reference to "a statute of the United States" to include Rule 4(e) itself.

We reject appellants' argument. Rule 4(e) is not a statute authorizing substituted service. It is simply a procedural rule, complementing those federal statutes extending *in personam* jurisdiction of federal district courts beyond the geographical boundaries of their respective districts. Had the draftsmen of Rule 4(e) intended that rule to extend discretionary power to district courts to order substituted service nationwide, apart from any express statutory authority to do so, they would have stated that extraordinary power directly, not elliptically.

Appellants suggest that the district court should have transferred the action, rather than dismissing the complaint. Appellants did not seek a transfer in the district court. We perceive no error in the district court's failure *sua sponte* to transfer the action pursuant to 28 U.S.C. § 1404(a).

Affirmed.