**Brodus and Aura PARHAM, Plaintiffs,**

v.

**Sherry Johanne EDWARDS and Marvin E. Turner, Defendants.**

**Civ. A. No. 1102.**

United States District Court,
S. D. Georgia,
Brunswick Division.

July 20, 1972.

J. S. Hutto, Brunswick, Ga., for plaintiffs.

Albert Fendig, Jr., Fendig, Dickey, Fendig & Whelchel, Brunswick, Ga., for defendants.

## ORDER ON MOTION TO DISMISS

LAWRENCE, Chief Judge.

In this diversity action citizens of Georgia filed suit in this District against citizens of Alabama for injuries and damages resulting from an automobile collision that occurred in this State in 1970. At that time defendants resided in Georgia. Before suit was filed in the Southern District they moved to Alabama where defendants have since resided.[1]

On May 10, 1972, an identical diversity action was instituted by plaintiffs and served on defendants in the United States District Court for the Northern District of Alabama. The period for bringing an action for tort is one year in Alabama and suit was filed more than a year after the collision. The law of

1. The complaint alleges that the defendants are citizens of Alabama and that they were residents of Georgia at the time of the collision. Residence is to be determined as of the time of the commencement of the action, not the time when the action arose. Lipp v. Janson, D.C., 198 F.Supp. 195; McNello v. John B. Kelly, Inc., 283 F.2d 96 (3 Cir.).

the forum governs there as to the statute of limitations where the cause of action arose elsewhere.[2] The applicable period in Georgia is two years. The suit was brought within that time in the Southern District of Georgia.

Defendants have moved to dismiss the action in this District for want of proper service and for lack of jurisdiction over them on the ground that they were residents of Georgia at the time it arose.

Venue in the Southern District of Georgia is predicated on 28 U.S.C.A. § 1391(a). Before that section was amended in 1966 civil actions founded on diversity of citizenship could be brought "only in the judicial district where all plaintiffs or all defendants reside." The amendment added the words "or in which the claim arose." Plaintiffs argue that since defendants can be sued in the federal court in the Southern District of Georgia it follows that personal service of the complaint can be made on them in Alabama. Otherwise, says counsel, the right as to venue has been established without providing an effective remedy.

■■■ Rule 4(d) (7) of the Federal Rules of Civil Procedure provides that service is "sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made." Service on the defendants in this case is three-pronged. A copy of the complaint and summons was filed with the Secretary of State of Georgia who served same on defendants by registered mail. Such mode of service is specified in the Georgia Nonresident Mo-

torist Act. Ga.Code Ann. § 68–801. The same type of service is, in a proper case, permissible under the "Long-Arm" statute. Ga.Code Ann. § 24–115.[3] However, as construed by the courts of this State, neither the Georgia Nonresident Motorist Act nor the "Long-Arm" statute permits service here. In Thompson v. Abbott et al., 226 Ga. 353, 174 S.E.2d 904 the Supreme Court held that a defendant who resided in Georgia at the time the claim arose but who was a nonresident when service was attempted is not amenable to service under the statutes in question. No Georgia statute or decision authorizes out-of-state service in a case such as this.[4]

The third method of service was to send a second original of the complaint and summons to the United States Marshal in the Northern District of Alabama who thereafter caused a copy thereof to be served on defendants at their home.

As previously noted, Rule 4(d) (7) states that service is sufficient "if the summons and complaint are served in the manner prescribed by any statute of the United States. . . ." Rule 4(f) authorizes service "within the territorial limits of the state in which the district court is held . . . when a statute of the United States so provides." In the absence of such statutory authority service in another state is unavailing. 1 Barron and Holtzoff, Federal Practice and Procedure § 184, pp. 734–736.

■■ Congress has made no provision in diversity cases of this type for service of process on a defendant who does not reside in the district "in which the claim arose."[5] In Hanes Supply Co., Inc. v.

2. Mullins v. Alabama Great Southern R. Co., 239 Ala. 608, 195 So. 866; Dodd v. Lovett, 287 Ala. 131, 248 So.2d 724.

3. This Act defines a "nonresident" as "one not residing" in Georgia "at the time a claim or cause of action . . . arises." Ga.Code Ann. § 24–117.

4. The Georgia Civil Practice Act of 1966 provides that where the requirements or procedure for service are not provided by law the court may prescribe service "ac-

cording to the exigencies of each case, consistent with the Constitution." Ga.Code Ann. § 81A–104(i). This section was not intended to confer jurisdiction over nonresidents.

5. There are a number of types of diversity actions in which Congress has provided for extraterritorial service. They include interpleader cases, publication in certain bankruptcy matters, actions in rem and quasi in rem and service on federal de-

Valley Evaporating Company, 261 F.2d 29 the Fifth Circuit noted that the policy of Congress is not to give federal court jurisdiction of judgments in personam against nonresidents of the state upon personal service perfected upon them in the district where they reside. The 1966 amendment to § 1391 has not changed things in that respect. Significantly, it provides for extraterritorial service by "certified mail" in diversity cases against defendants who are officers, agents or agencies of the United States beyond the territorial limits of the district in which the action is brought. See 28 U.S.C.A. § 1391(e).[6] Professor Charles A. Wright states that while the district in which the claim arose is now a proper venue, suit can be brought there only if all defendants are subject to process from that district and this "generally will turn on the extent to which the state has an applicable long-arm statute." Wright, Law of Federal Courts (1970), § 42, p. 152. See "Comment: Federal Venue Amendment", The Catholic University of America Law Review, XVI (Jan., 1967), 303.

"Wherever a statute of the United States or an order of court thereunder provides for service of a summons . . upon a party not an inhabitant of or found within the state . . . service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule." Rule 4(e) F.R.C.P. Counsel for plaintiffs contends that this provision confers discretionary power on the court to order or approve personal service on the nonresident defendants in Alabama through second original. Such a view of Rule 4(e) has been flatly rejected in the Ninth Circuit. In Banks v. Sheppard, 435 F.2d 1218 that Court said:

"Rule 4(e) is not a statute authorizing substituted service. It is simply a procedural rule, complementing those federal statutes extending in personam jurisdiction of federal district courts beyond the geographical boundaries of their respective districts. Had the draftsmen of Rule 4(e) intended that rule to extend discretionary power to district courts to order substituted service nationwide, apart from any express statutory authority to do so, they would have stated that extraordinary power directly, not elliptically."

Venue in this District fails for want of any mode of service on the defendants under setate or federal law. However, plaintiffs request that instead of dismissing the action the Court transfer it to the Northern District of Alabama pursuant to 28 U.S.C.A. § 1404(a). Under that section there may be change of venue to any other district where the suit might have been brought "for the convenience of parties and witnesses, in the interest of justice." Its companion section, § 1406(a), provides for transfer where venue is laid in the "wrong" district.

■ Transfer for convenience on motion of the plaintiffs hardly commends itself to judicial discretion in a claim that arose in this District and where the plaintiffs and their medical and perhaps other witnesses live. What they seek to do here is to obtain transfer of the case to Alabama where service can be properly made. Since the Georgia statute of limitations governs the transferred action, the result would be that plaintiffs will have the advantage of the longer period of limitations as well as means of perfecting service.

fendants. See 4 Wright and Miller, Federal Practice and Procedure § 118; 2 Moore's Federal Practice § 4.42, p. 1293.8 ff.

6. The proposed Federal Court Jurisdiction Act of 1971 deals in part with venue in original actions under diversity jurisdic-tion. As presently framed, S.1876 does not provide any method of extraterritorial service in a case like the present. See "Hearings before the Subcommittee on Improvements in Judicial Machinery of the Committee on the Judiciary United States Senate." (1972).

Generally speaking, in diversity actions transferred pursuant to § 1404 the applicable statute of limitations is that provided by the law of the state in which the transferor court sits. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945; Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305 (10 Cir.); Taylor v. Love, 415 F.2d 1118 (6 Cir.); Kaiser v. Mayo Clinic, D.C., 260 F.Supp. 900, aff'd. 383 F.2d 653 (8 Cir.); United States for Use and Benefit of Angell Bros., Inc. v. Cave Construction, Inc., D.C., 250 F.Supp. 873; Ferguson v. Kwik-Chek, D.C., 308 F. Supp. 78; 1 Moore's Federal Practice § 0.145 [4.–5]; 7B § 1404, JC–609f.; 1 Barron and Holtzoff, Federal Practice and Procedure § 86.2, p. 412. ". . . when the California action was transferred to Texas the California law went with it." Bott v. American Hydrocarbon Corporation, 441 F.2d 896, 899 (5 Cir.).[7]

My original impression was that there is no basis for change of venue under § 1404(a) where proper service of process has not and cannot be made in the district from which the action is sought to be transferred. It has been held that transfers under 28 U.S.C.A. §§ 1404(a) or 1406(a) presuppose that jurisdiction has been properly obtained in the original action and that those sections are not intended to serve as a means of avoiding the consequences of a failure to perfect service of process. Hargrove v. Louisville & Nashville Railroad Company, D.C., 153 F.Supp. 681; Hohensee v. News Syndicate, Inc., 3 Cir., 286 F.2d

527, 530. However, in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L. Ed.2d 39, the Supreme Court of the United States has since ruled that § 1406(a) permits transfer of an action even though the court in which it was filed had no personal jurisdiction over the defendants. That section authorizes change of venue from a district where there are obstacles to an expeditious adjudication on the merits, including the inability to perfect service on the defendant in an otherwise correct venue. Dubin v. United States, 380 F.2d 813 (5 Cir.). Good reason for transfer under § 1404(a) exists where service of process can thereby be obtained. Carson v. U-Haul Co., 434 F.2d 916, 918 (6 Cir.). A court without in personam jurisdiction of the defendant may make such a transfer, Owen of Georgia, Inc. v. Blitman, Woodrow, et al., 462 F.2d 603 (5 Cir., 1972).

Carson v. U-Haul Co., *supra*, was a diversity action brought in the Northern District of Georgia and transferred, on plaintiff's motion, to the Eastern District of Kentucky, pursuant to §§ 1404 (a) and 1406(a). The statute of limitations in Kentucky is one year. There was a difficult problem as to service of process in Georgia. Plaintiff also desired to retain the advantage of the longer period of limitations available under the law of this State. The Court noted that the request to transfer was by plaintiff rather than defendant.[8] It was held that change of venue for the purpose of permitting service of process,

---

7. *Cf.* Les Schwimley Motors, Inc. v. Chrysler Motors Corporation, D.C., 270 F. Supp. 418: ". . . it does not follow that a statute of limitations, applicable in this Court only by way of a derivative *lex fori*, must be regarded as an inalienable part of the case when the plaintiff seeks to transfer the case to a forum in which it could have originally been brought."

8. In Van Dusen v. Barrack, *supra*, 376 U.S., 639f, 84 S.Ct., 821, the Supreme Court of the United States refrained from deciding whether where the plaintiff seeks transfer under § 1404(a) "the applica-

tion of the law of the transferor, as opposed to the transferee, State" is required. "If the transfer was on motion of the defendant, the transferee court must apply the law that would have been applied in the transferor court, so that a change in forum will mean a change in courtrooms, but not a change of law." Wright, Law of Federal Courts § 44, p. 166. The author adds: "It is still not settled what law applies if transfer is on plaintiff's motion. The American Law Institute proposes that in that situation the transferee court should apply its own law." *ibid.*, p. 166 n. See also 7 ALR Fed., pp. 25–28.

while proper, should not be allowed to "prejudice the fundamental rights of either party." The Court said:

". . . here the plaintiffs want more than merely to obtain service of process in Kentucky upon parties apparently not properly subject to service of process in Georgia; they want to continue to retain Georgia as the forum state in order to apply that state's longer statute of limitations. This would operate to prejudice the defendants as it has not been established that the Georgia court ever had any jurisdiction over them. If plaintiffs had filed suit in Kentucky instead of in Georgia, the Kentucky statute of limitations would have barred the claims. To allow the procedure which plaintiffs now are attempting to invoke, would encourage forum shopping." (434 F.2d 918).

From plaintiffs' viewpoint, change of venue to Alabama would be decidedly in the "interest of justice." Viewed through defendants' eyes, transfer of the case and the exportation of Georgia's more favorable statute of limitations would be much against the "interest of justice." In Mata v. Budd Company, D.C., 44 F.R.D. 225 the plaintiff discovered that her action was barred by the statute of limitations under the law of Pennsylvania where she had brought a diversity suit for injuries received in the District of Columbia. In denying the motion to transfer the case to the latter jurisdiction (where the suit was not barred) the Court observed that to permit such "legal footwork" would be to thwart rather than serve "the interest of justice."

I realize that change of venue has been permitted by some courts where actions were erroneously brought in a district and where failure to transfer would prevent adjudication of the merits because the statute of limitations would bar a new action in the proper jurisdiction. Founds v. Shedaker, D.C., 278 F.Supp. 32; Choryak v. Petrick, D.C., 213 F.Supp. 729.

 However, I do not think that justice or judicial discretion requires transfer of a diversity action from a district where a limitation period favorable to plaintiff but no personal jurisdiction over defendants exists to a district in another state in which service has been obtained in a similar suit but under the law of such state the action is barred. A critical right is involved between the parties. To decide for *either* is not in the interest of justice for *both*. I do not see where "the interest of society in general" is concerned here. *Cf.* Rodgers v. Northwest Airlines, Inc., D. C., 202 F.Supp. 309, 313; Chicago, Rock Island and Pacific Railroad Company v. Igoe, 220 F.2d 299 (7 Cir.).

The requested transfer is therefore denied and the complaint dismissed for want of jurisdiction over the defendants.