**Mildred C. WATWOOD**

v.

**Orene G. BARBER and Fred Barber et al.**

**Hugh L. WATWOOD**

v.

**Orene G. BARBER and Fred Barber et al.**

Civ. A. Nos. C75–1606A, 75–1607A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 1, 1975.

Order on Motion for Reconsideration
March 30, 1976.

2

Glen A. Garrett, Decatur, Ga., for plaintiff.

Donald M. Fain of Dennis & Fain, Atlanta, Ga., for Allstate.

J. Bruce Welch and Alan F. Herman, of Neely, Freeman & Hawkins, Atlanta, Ga., for the Barbers.

## ORDER

EDENFIELD, Chief Judge.

These actions arise out of an automobile accident which occurred on April 27, 1973, in Clayton County, Georgia. Plaintiffs, citizens of the State of Georgia, filed suit against defendants Barber, citizens of the State of Alabama, in the United States District Court for the Southern District of Alabama, Northern Division, on April 23, 1975, apparently positing jurisdiction upon diversity of citizenship. Defendants moved in that court to dismiss the complaints on the grounds that the actions were barred by Alabama's one-year statute of limitations. Shortly thereafter, plaintiffs moved to transfer the case to this court pursuant to the statutory codification of the doctrine of forum non conveniens, 28 U.S.C. § 1404(a), and that motion was granted despite the existence of serious questions with regard to the subject-matter jurisdiction of the transferor court.

The case is currently before this court upon several motions which were pending before the transferor court (to-wit: motions by the defendants Barber and by Allstate Insurance Company to dismiss; plaintiffs' motions to amend to add Allstate, their insurer, as a party defendant; and plaintiffs' motions to amend to add Vittle Van, Inc., a corporation, and the Barbers in their alleged capacities as agents therefor) and also upon a motion to dismiss filed in this court by Allstate.

Before proceeding to rule upon those matters properly before the court, the confused procedural posture of this case demands that a little preliminary housekeeping be done:

First, the court can perceive no reason why these two separate actions should continue to proceed as such, it appearing that they are based on the same transaction, the only difference being that Mildred Watwood is suing for personal injuries and Hugh Watwood, her husband, is suing for loss of consortium and services. Accordingly, Civil Actions Nos. C75–1606A and C75–1607A are hereby Ordered Consolidated for all further proceedings in this court. Fed.R.Civ.P. 42(a).

Although plaintiffs filed in the Southern District of Alabama motions to amend to name Allstate Insurance Company as a party defendant, and Allstate has appeared and filed pleadings in both the transferor court and this court, it appears that that motion to amend has never been ruled upon. Accordingly, Allstate has never been made a party to this action. This loose end is not a cause for concern, however, inasmuch as plaintiffs subsequently filed motions in this court to voluntarily dismiss their complaints against Allstate. Although there has not been strict compliance with the stipulation requirement of Fed.R.Civ.P. 41(a)(1)(ii), this court will Grant plaintiffs' motion for voluntary dismissal since there is apparently no opposition thereto, Local Court Rule 91.2, and since Allstate has demonstrated by motion its desire to be dismissed from the action. For the foregoing reasons, then, plaintiffs' motions to amend to name Allstate, and plaintiffs' motions to voluntarily dismiss Allstate as a party defendant are all Granted. In light of these rulings, the net effect of which is to eliminate Allstate from this litigation, both of Allstate's motions to dismiss the complaints are rendered moot and are accordingly Denied.[1]

Plaintiffs' motions to amend the complaint to name as parties defendant Vittle Van, Inc. and the Barbers in their capacities as agents therefor, are

1. The court might note, however, its appreciation of the brief submitted in support of

Allstate's motion to dismiss which it has treated in the nature of an amicus brief.

hereby Granted, it appearing that there is no opposition thereto. Fed.R.Civ.P. 15(a), Local Court Rule 91.2. Plaintiffs, having previously alleged some difficulty with discovering the state of incorporation of said defendant, are directed to proceed immediately and diligently to see that service of process is effected thereupon.

The court may now turn its attention to the sole remaining motion: defendants' motion to dismiss the complaints on the grounds that they are barred by the applicable statute of limitations, allegedly Alabama's one-year statute of limitations for tort actions, Code of Alabama, Title 7, § 26. Defendants contend that to allow plaintiffs to proceed with their actions in this court, pursuant to the more favorable statutes of limitations applicable under Georgia law,[2] would be to reward plaintiffs for engaging in forum-shopping contrary to the intent of 28 U.S.C. § 1404(a).

Defendants argue that the rule applicable to this case is that the statute of limitations of the original transferor forum state should be applied after a § 1404(a) transfer. In support of that argument, they present forceful and persuasive policy arguments which condemn the practice of utilizing the transfer provisions of § 1404(a) in order to shop for a forum wherein an opponent's claims or defenses can be circumvented. The leading case on this general issue is *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), wherein the Supreme Court observed:

"* * * The legislative history of § 1404(a) certainly does not justify the rather startling conclusion that one might 'get a change of law as a

bonus for a change of venue.' Indeed, an interpretation accepting such a rule would go far to frustrate the remedial purposes of § 1404(a). If a change of law were in the offing, the parties might well regard the section primarily as a forum-shopping instrument. * * * We believe, therefore, that both the history and purposes of § 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms. [Footnotes omitted.]" *Van Dusen v. Barrack*, 376 U.S. 612, 636–37, 84 S.Ct. 805, 819, 11 L.Ed.2d 945 (1964).

This court heartily agrees with the quoted analysis of the policies underlying § 1404(a). However, *Van Dusen* was a case in which *defendants* were the parties seeking transfer, and the Supreme Court's holding that the transferee district court must apply the state law that would have applied had there been no change in venue was expressly limited to such cases.[3] Here, where it is the *plaintiffs* who sought transfer, the policy considerations involved in determining which forum's law should be applied appear to be considerably more complex. *See generally* Currie, *Change of Venue and the Conflict of Laws*, 22 U.Chi.L.Rev. 405; Currie, *Change of Venue and the Conflict of Laws: A Retraction*, 27 U.Chi.L.Rev. 341. While many of the same problems exist with regard to potential for forum-shopping, there are also considerations which militate in favor of allowing the plaintiff-movant the benefit of the law of the

2. Georgia Code Ann. § 3–1004 permits actions for injuries to the person to be brought within two years from the accrual of the cause of action; it permits actions involving loss of consortium to be brought within four years of the accrual thereof.

3. "In so ruling . . . we do not and need not consider whether in all cases § 1404(a) would require the application of the law of

the transferor, as opposed to the transferee, State. We do not attempt to determine whether, for example, the same considerations would govern if a *plaintiff sought transfer* under § 1404(a) . . . ." (Emphasis added and footnotes omitted.) *Van Dusen v. Barrack*, supra, at 639–40, 84 S.Ct. at 821.

transferee state. Having carefully reviewed the judicial decisions which have addressed this issue, this court concludes that, on the peculiar facts of this case, the statutes of limitations of the State of Georgia, the transferee forum, are applicable herein.

In this case, the incident out of which the claim is alleged to have arisen took place in Georgia. Plaintiffs are citizens of Georgia. Defendants Barber were citizens of Georgia at the time of the accident even though they had moved to Alabama by the time the complaint was filed (which is, of course, the operative time for establishing the existence of diversity of citizenship). For reasons which remain unclear, plaintiffs chose to bring their actions in federal court in Alabama, despite the fact that virtually all of the case's "contacts" were with the State of Georgia. Nonetheless, diversity jurisdiction was present, the Alabama federal court had personal jurisdiction over the parties defendant, and service was apparently effected upon them. It is true that a reasonable inference may be drawn that plaintiffs' decision to move for a transfer to this district came as a direct consequence of defendants' raising the defense of Alabama's statute of limitations. However, where, as here, the plaintiffs could have proceeded at least equally as well in this forum as in Alabama, it does not seem unreasonable to allow them to "invoke the substantial state policies" of this state to which they were and are entitled. *Les Schwimley Motors, Inc. v. Chrysler Motors Corp.*, 270 F.Supp. 418, 420 (E.D. Cal.1967). In this case, where Alabama's only interest lies in the fact that the original defendants moved there subsequent to the incident in question, it simply does not follow that Alabama's

statute of limitations, which would only be applicable here by way of a derivative lex fori,[4] must be treated as an inalienable part of the case after plaintiffs have succeeded in having the case transferred to a venue where it could have been brought in the first place. *Id*. at 419.

The cases cited by defendants, while helpful, are not compelling and are distinguishable upon their facts. Reliance on *Kaiser v. Mayo Clinic*, 260 F.Supp. 900 (D.Minn.1966), *aff'd* 383 F.2d 653 (8th Cir. 1967), is misplaced inasmuch as the transferor forum there, unlike the Alabama district court here, never had jurisdiction of the defendants.[5] The other principal case relied upon by defendants, *Parham v. Edwards*, 346 F. Supp. 968 (S.D.Ga.1972), *aff'd* 470 F.2d 1000 (5th Cir. 1973) (summary calendar), involves facts remarkably similar to those of the instant case: plaintiffs were Georgians, and defendants were Alabamians who lived in Georgia at the time of the automobile accident which occurred in Georgia. The important points of difference, however, are that (1) the *Parham* suit was filed in Georgia and sought to be transferred to Alabama; and (2) the Georgia federal court found that it lacked personal jurisdiction over the defendants. This court finds these two factors to be significant. In *Parham*, plaintiffs were attempting to transfer the case out of a venue in which they were encountering obstacles to the effecting of service of process on the defendants, yet it was precisely that venue with which the case had the most substantial contact and, consequently, that venue whose state policies were the most relevant to the question of limitations of the action. Chief Judge Lawrence found that, under those circumstances, the law of that would-be transferor forum (Georgia) should apply,

---

4. The court is satisfied that the transferor district court in Alabama would have applied the Alabama statute of limitations rather than the Georgia statute, as was previously done in a case involving identical facts, *Fricks v. Carroll*, 368 F.2d 329 (5th Cir. 1966).

5. The cases cited in *Kaiser* and relied upon by defendants either fail to squarely face the point at issue here, or, if they do so, shed no additional light on the considerations already mentioned. This court is neither persuaded nor controlled by these authorities and declines to rest its opinion thereupon.

concluding that neither justice nor judicial discretion ". . . requires transfer of a diversity action from a district where a limitation period favorable to plaintiff *but no personal jurisdiction over defendants exists* to a district in another state in which service has been obtained in a similar suit but under the law of such state the action is barred." 346 F.Supp. at 973. (Emphasis added.) Here, on the other hand, where the § 1404(a) transfer is a fait accompli, the sole question remaining is what statute of limitations to apply.

In contrast to the two significant points raised in the discussion of *Parham*, (1) personal jurisdiction over the defendants was not at issue in this case in the Southern District of Alabama, and (2) this case was transferred from a forum having little, if any, interest in the lawsuit (Alabama) to a forum in the state having the most substantial interest in the lawsuit (Georgia), which forum was available to plaintiffs from the very beginning. But for the fortuity of the original defendants having moved out of Georgia by the time the complaint was filed, this action would have been tried in the state courts of Georgia with no question of the applicable statute of limitations. This court is of the opinion that when this particular action was transferred here, Alabama lost what little contact it previously had, and there remains no good reason to apply its law herein. *Carson v. U-Haul Co.*, 434 F.2d 916, 918 (6th Cir. 1970); *Les Schwimley Motors, Inc. v. Chrysler Motors Corp.*, 270 F.Supp. 418 (E.D.Cal.1967).

As Chief Judge Lawrence stated in *Parham, supra*, 346 F.Supp. at 973: "A critical right is involved between the parties. To decide for *either* is not in the interest of justice for *both*. I do not see where 'the interest of society in general' is concerned here." However, faced with the necessity of making a choice, this court has balanced, on the one hand, the policies disfavoring forum-shopping as a means of sidestep-

ping a prima facie valid defense, and, on the other hand, the policies disfavoring the deprivation of a litigant's right to his "day in court" upon the merits of his case. Under the peculiar circumstances of this case, this court concludes that, on balance, justice will be better served by refusing to bind plaintiffs to their original choice of forum and allowing plaintiffs to proceed in this court, thus making *effective* the transferor court's order transferring plaintiffs' actions to this forum where they could have originally been brought. 28 U.S.C. § 1404(a). To that end, this court Holds that the statute of limitations applicable to this consolidated action is Ga.Code Ann. § 3–1004.

For the foregoing reasons, plaintiffs' actions are not time-barred, and, consequently, defendants' motion to dismiss is hereby Denied.

So ordered, this 1st day of December, 1975.

### ORDER ON MOTION FOR RECONSIDERATION

The defendants Barber (and Allstate Insurance Company as amicus curiae) have filed a motion for reconsideration of this court's order of December 1, 1975. Alternatively, defendants move to amend their previous motion to dismiss or to amend their answers. These motions raise for the first time in this court the defense of lack of personal jurisdiction over the defendants. While the tardy invocation of this defense would ordinarily be barred by the waiver provisions of Fed.R.Civ.P. 12(h)(1), the court must conclude, after a complete review of the extraordinarily convoluted history of this lawsuit, that this issue must necessarily be addressed. Defendants' motion for reconsideration is therefore GRANTED, and, for the reasons discussed *infra*, this case shall be retransferred to the United States District Court for the Southern District of Alabama, Northern Division.

Prior to defendants' submission of their motion for reconsideration, the entire record in this matter revolved around one issue only: should this court apply the one-year statute of limitations of Alabama (the law of the transferor forum) or the two-year Georgia statute of limitations (the law of the transferee forum)? In the December 1 order presently being reconsidered, the court's decision to apply the latter rested significantly on its conclusion that "the plaintiffs could have proceeded at least equally as well in this forum as in Alabama, . . . [and that plaintiffs had simply] succeeded in having the case transferred to a venue where it could have been brought in the first place." Order of December 1, 1975, at 5. Nowhere in the record received from the transferor district court and nowhere in the pleadings filed after the transfer here does there appear any argument which would have informed the court that the quoted conclusion was misconceived. Defendants' new pleadings, however, now challenge that conclusion on the basis of allegations of fact and legal arguments not heretofore raised in the record herein.

The transferor court's order of August 11, 1975, transferring this now-consolidated case to this district pursuant to 28 U.S.C. § 1404(a), specifically recited

"* * * [T]hat a transfer in this cause would in fact be in the interest of justice since defendants in this cause would be amenable to process had this suit been originally brought in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to the provisions of the Georgia Code Annotated, Title 24, § 24–113.1 and § 24–117."

In view of the legal arguments raised for the first time in defendants' present motion for reconsideration, this court is compelled to respectfully conclude that the quoted recital from the transfer order is erroneous as a matter of law.

■ ■ Section 24–117 of Title 24, Ga.Code Ann., defines the term "non-resident" as used in the Georgia long-arm provisions, Ga.Code Ann. § 24–113.1, as including

"* * * [A]n individual, or partnership, association or other legal or commercial entity (other than a corporation) not residing, domiciled, organized or existing in this State at the time a claim or cause of action under section 24–113.1 arises, or a corporation which is not organized or existing under the laws of this State and is not authorized to do or transact business in this State at the time a claim or cause of action under section 24–113.1 arises."

This provision defines non-resident in such a way that an individual who was a resident of Georgia at the time that a cause of action arose is not personally amenable to the extra-territorial jurisdiction of a Georgia court pursuant to the long-arm statute even if he is not a resident of Georgia at the time the lawsuit is formally initiated. *See Thompson v. Abbott,* 226 Ga. 353, 174 S.E.2d 904 (1970); *Parham v. Edwards,* 346 F.Supp. 968, 970 (S.D.Ga.1972).[1] Consequently, the individual defendants herein could not have been served with process extraterritorially and, unless they consented thereto, would not be within the personal jurisdiction of this court. This being the case, plaintiffs would not have originally been able to proceed "at least equally as well in this forum as in Alabama," and a substantial pillar of the December 1 decision

---

1. It may be noted that the other arguably applicable Georgia statute providing for extraterritorial service of process, the Nonresident Motorist Statute, Ga.Code Ann. § 68–801, also fails to bring these defendants within this court's personal jurisdiction. A "non-resident" under that statute cannot be a person who was a Georgia resident at the time the cause of action arose. In fact, the legislature's attempt to specifically include such persons within the purview of the statute, Ga.Code Ann. §§ 68–808, 68–809, was held unconstitutional as violative of the Fourteenth Amendment in *Young v. Morrison,* 220 Ga. 127, 137 S.E.2d 456 (1964).

to apply the Georgia statute of limitations is thus disintegrated.

■ Plaintiffs, however, argue that defendants waived their rights to contest personal jurisdiction in Georgia by their failure to raise the issue either (1) immediately subsequent to the Alabama court's order granting plaintiffs' motion to transfer, or (2) after the case was received in this court but prior to the issuance of the ruling on the motions to dismiss left pending by the transferor court. Fed.R.Civ.P. 12(g), (h)(1). The court is constrained to reject plaintiffs' argument, notwithstanding its firm feeling that this case would have been handled considerably more expeditiously had defendants taken the trouble (sometime between the August transfer and the December order) to supplement the written record transmitted by the transferor court with either a transcript or memorandum of the oral argument before that court relating to the personal jurisdiction issue.

■ Instead of promptly bringing to this court's attention the fact that the issue of personal jurisdiction was raised and apparently rejected in the transferor court, defendants waited until after this court's ruling on the transferred motions before unearthing that fact by way of affidavit of defendants' Alabama counsel. While the court does not appreciate the piecemeal fashion in which the case has been pursued, it is concluded that the discussion before the transferor court of the issue of personal jurisdiction in Georgia should be deemed sufficient to relieve these defendants of any waiver of that defense pursuant to Rule 12(h)(1), Fed.R.Civ.P. A defense of lack of personal jurisdiction was not "then available" to defendants, within the meaning of Rule 12(g), at the time of the hearing on the motion to transfer. It became available only after the transfer to Georgia was accomplished. While better practice would have dictated the submission of a motion for leave to amend the an-

swers or a motion to amend the pending motions to dismiss in order to raise the newly-available defense, the court cannot find a waiver of that defense upon these facts. Plaintiffs were on notice of defendants' challenge to this court's personal jurisdiction over them even if the court itself was not let in on the secret until the submission of the instant motion. While defendants should have made certain that the documentary record reflected the previous raising of the otherwise-waivable defense, the court cannot say that their failure to do so should trigger the Rule 12(h)(1) waiver. Contrary to plaintiffs' contention, the court need not decide whether such failure would constitute inexcusable neglect such as would preclude the invocation of the remedial provisions of Fed.R.Civ.P. 60(b) inasmuch as the December 1 order was not a "final" order within the meaning of that rule. A decision whether to afford relief from an interlocutory order, upon motions for reconsideration filed immediately after the issuance of that order, is "left subject to the complete power of the court . . . to afford such relief . . . as justice requires." Advisory Committee Note to Fed.R.Civ. P. 60(b). *See also Carter v. American Bus Lines*, 22 F.R.D. 323 (D.Neb.1958). The court has concluded, in its discretion, that relief from the December 1 order is warranted.

The court having thus determined that defendants shall not be deemed to have waived their personal jurisdiction defense, and also that the court indeed does lack personal jurisdiction over them pursuant to Georgia law, the court's previous conclusion that plaintiffs could have originally proceeded in this forum is no longer valid. This turn of events operates to seriously, and perhaps fatally, undercut the previous decision to apply the Georgia statute of limitations rather than the Alabama statute. The court is precluded, however, from reaching that issue now since

these new findings, *supra,* also operate to render this court an inappropriate forum for this case.

█ The provision pursuant to which this case was transferred here, 28 U.S.C. § 1404(a), provides:

" * * * For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The court now having determined that it did not have personal jurisdiction over these defendants at the time this action was filed, this district cannot be considered a district where this case "might have been brought." Transfer under § 1404(a) is authorized only if the plaintiffs had an unqualified right to bring the action in the transferee forum originally; this means *inter alia* that the transferee court must have had power to command jurisdiction over all defendants. *Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir. 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). The transfer is authorized only if plaintiffs could have brought the action here regardless of the wishes of defendants, *Cessna Aircraft Co. v. Brown,* 348 F.2d 689 (10th Cir. 1965), that is, if defendants would have been amenable to process here without their consent, *see Harry Rich Corp. v. Curtiss-Wright Corp.,* 308 F. Supp. 1114 (S.D.N.Y.1969).

█ Although defendants' motion for reconsideration is specifically addressed to the statute of limitations decision, it is in effect now rendered a motion to retransfer inasmuch as it now appears that the action could not have originally been brought in this district;

the court is required to consider a motion so grounded. *See Aileen Mills Co. v. Ojay Mills, Inc.,* 192 F.Supp. 131 (S. D.N.Y.1960).[2] On the facts and the law now before it, therefore, the court holds that this case was improperly transferred here and must be retransferred to the transferor court.[3]

In the December 1 order, the court also allowed plaintiffs to amend the complaint to name as parties defendant Vittle Van, Inc. and the Barbers in their capacities as agents therefor. While this court has no more personal jurisdiction over the Barbers as agents than it does of them as individuals, the Georgia long-arm statute does allow this court to exercise personal jurisdiction over a nonresident corporation. *See* Ga.Code Ann. § 24–117, as quoted at 7, *supra.* If such jurisdiction exists, the court would be faced with the further issue of whether the December 1 amendment allowing the joinder of Vittle Van, Inc. relates back to within the Georgia limitations period, Fed.R.Civ.P. 15(c). The court, however, need not pursue that inquiry inasmuch as it now appears from the record that Vittle Van, Inc. is not a "non-resident" corporation.

█ Defendants are estopped from denying Vittle Van, Inc.'s corporate status insofar as the evidence indicates that, while there has been no legal incorporation, defendants held the pretended corporation out as a corporation in fact. Persons who hold themselves out as a corporation and do business as such and who commit a tort in the course of such business cannot set up lack of legal incorporation to escape liability therefor in an action brought against them as a corporation, 18 C.J.S. *Corporations* § 110a. *See generally Stewart*

---

2. Regardless of any defense motion, the court is empowered to inquire into the propriety of the transfer sua sponte. *See generally Goldlawr, Inc. v. Heiman,* 288 F.2d 579 (2d Cir. 1961), *rev'd on other grounds,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Janus v. J. M. Barbe Co.,* 57 F.R.D. 539 (N.D.Ohio 1972).

3. Although it is inevitable that the Alabama federal court will apply the bar of the one-year Alabama statute of limitations, *Fricks v. Carroll,* 368 F.2d 329 (5th Cir. 1966), better practice dictates a retransfer to that court for final disposition of the case.

·*Paper Co. v. Rau,* 92 Ga. 511, 17 S.E. 748 (1893). The court thus might well have jurisdiction over Vittle Van. Inc. if it could be considered a "non-resident".

■ Its constructive corporate status notwithstanding, Vittle Van, Inc. cannot be considered to come within the definition of "non-resident", Ga.Code Ann. § 24–117. As a pretended corporation, Vittle Van, Inc., of course, has no real state of legal incorporation. At the time the Barbers held themselves out as doing business as a corporation and allegedly committed the tort here sued upon, they were residents of Georgia. Accordingly, building fiction upon fiction, the court is constrained to deem that Vittle Van, Inc. was a Georgia corporation at the time the instant cause of action arose, and therefore not within the purview of the Georgia long-arm provisions at the time the complaint was filed.[4]

For the foregoing reasons, the court has concluded that it lacks jurisdiction over each defendant herein, both real and fictional. The case could not have originally been brought in this forum and the court may not entertain it at this time. The court hereby GRANTS defendants' motion to amend their previously filed motions to dismiss in order to conform the documentary record to more fully reflect the proceedings which took place before the transferor court. Defendants' motion for reconsideration of the December 1 order is GRANTED. The clerk of the court is DIRECTED to RETRANSFER this consolidated case to the United States District Court for the Southern District of Alabama, Northern Division.

So ORDERED.

4. If Vittle Van, Inc. continues to be held out as a pretended corporation, a fact not before this court, it must be fictionally deemed to be an Alabama corporation inasmuch as the Barbers, for whom the corporation is apparently simply an alter ego, now reside in Ala-bama. Thus, even if Vittle's joinder as a defendant could relate back to within the Georgia limitations period, it still could not be served with process as a Georgia corporation.