**Deena SCHUMAN, Executrix of the Estate of Richard M. Schuman Jacqueline Silverman and Robin Faith Schuman, Plaintiffs,**

v.

**William M. MEZZETTI and DBS Advisory Services, Inc., Defendants.**

No. 88 C 0372.

United States District Court, E.D. New York.

Dec. 20, 1988.

Blank, Rome, Comisky & McCauley (Jerome R. Richter and James R. Kahn, of counsel), and Levy, Phillips & Konigsberg (Dianne Paolcelli, of counsel), New York City, for plaintiffs.

Hammill, O'Brien, Croutier & Dempsy, P.C. (Anton Piotroski, of counsel), Mineola, N.Y., for defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs brought this diversity action to recover damages for the wrongful death of

Robert Schuman in a two car accident in Westbury, New York. Plaintiffs, each a citizen of Pennsylvania, as was the decedent, are the executrix and beneficiaries under his will. Defendant Mezzetti drove the car that hit that driven by decedent. Defendant DBS Advisory Services, Inc., a New York Corporation with its principal place of business in New York, was Mezzetti's employer and the lessor of the car he drove. Mezzetti is a citizen of either New York or Connecticut, the parties do not agree which. The court has jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs move *in limine* for a determination of the substantive law governing the measure of compensatory damages against Mezzetti. Defendants cross-move for a determination of the law regarding damages as to both defendants.

Plaintiffs filed the action in the United States District Court for the Eastern District of Pennsylvania. Before answer the parties stipulated that "pursuant to 28 U.S.C. § 1404(a)" the case be transferred to this court, and Judge Joseph L. McGlynn, Jr. so ordered the stipulation. Section 1404(a) provides that for "the convenience of parties and witnesses, in the interest of justice" the court may transfer a civil action to a district where it might have been brought.

Plaintiffs ask the court to rule that Pennsylvania choice of law rules apply, and that Pennsylvania substantive law applies to the calculation of damages against Mezzetti. In the alternative, plaintiffs argue that even under New York choice of law rules Pennsylvania substantive law should apply.

Defendants urge that New York choice of law rules should apply, asserting that the Pennsylvania district had no personal jurisdiction over the defendants and that the choice of law rule should be that of the forum. Defendants also say that under New York choice of law rules New York substantive law should govern damages.

## I. THE APPLICABLE CHOICE OF LAW RULES

■ In diversity cases a federal court generally looks to the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). However, when a defendant seeks and obtains a transfer of venue under § 1404(a), the district court must apply the choice of law rules of the state in which plaintiff brought the action. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

In the *Van Dusen* case, the Court said that "[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Id.* at 639, 84 S.Ct. at 821. The Court reasoned that plaintiffs should retain the advantages of choosing a forum.

■ However, a plaintiff who brings an action in a district where the statute of limitations has not run, but where he cannot get personal jurisdiction over the defendant, may not retain the benefit of that longer limitations period by the expedient of obtaining a transfer under 28 U.S.C. §§ 1404(a) and 1406(a) to a district where personal jurisdiction may be had but where the limitations period had expired when the case was filed. *Carson v. U–Haul Co.*, 434 F.2d 916 (6th Cir.1970). Section 1406(a) provides for transfer where a case is filed in the "wrong district." Such a transfer "should not prejudice the fundamental rights of either party." *Id.* at 918. The *Carson* case therefore applied the shorter statute of limitations of the transferee state. See also *Broome v. Antlers' Hunting Club*, 448 F.Supp. 121 (M.D.Pa.1978) (transfer under 28 U.S.C. § 1406(a)).

In the present case the parties stipulated to the transfer pursuant to § 1404(a) for "the convenience of parties and witnesses." Although defendants argue that they agreed to a transfer order because plaintiffs could not get personal jurisdiction over defendants in Pennsylvania and had intended to move to dismiss on that ground, they raised no jurisdictional objections prior to the transfer order.

Whether the District Court in Pennsylvania could have obtained personal jurisdiction over the defendants turned initially on

the law of the state. Had defendants wished to have that jurisdictional issue decided, the Pennsylvania court was the appropriate forum in which to raise it. Then, if that court had determined that there was no personal jurisdiction, Pennsylvania would have been under section 1406(a) the "wrong district" that could not have applied the choice of law rules of that state, and defendants could have obtained a transfer under 28 U.S.C. § 1406(a). They should not now apply to this court to decide a personal jurisdiction issue they could have raised in the transferring court, which has familiarity with Pennsylvania law, or to speculate on their motives for stipulating to the transfer.

■ In any event, in asking the Pennsylvania district court to transfer pursuant to § 1404(a), without claiming the jurisdictional defect, defendants waived any personal jurisdiction defect. *Sangdahl v. Litton,* 69 F.R.D. 641 (S.D.N.Y.1976) (Weinfeld, J.).

None of the cases cited by defendants is in point. In *Schreiber v. Allis Chalmers Corp.,* 448 F.Supp. 1079 (D.Kan.1978) the defendant when it moved to transfer under § 1404(a) also challenged the jurisdiction of the district court where the case was filed. The *Broome* and *Carson* cases are distinguishable for reasons stated above.

The court will apply the choice of law rules of the transferor state, Pennsylvania.

## II. THE APPLICABLE SUBSTANTIVE LAW

■ Under Pennsylvania choice of law rules the substantive law of that state applies. Defendants do not dispute this.

The leading Pennsylvania case is *Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A.2d 796, 797 (1964). In that case a Pennsylvania resident died in an airplane crash while defendant's plane was landing in Denver, Colorado, and defendant contended that Colorado law should apply to damages.

The court held that the governing law should be determined by an "analysis of the policies and interests underlying the particular issue before the court." *Id.* 203 A.2d at 805. The court found that the

state of the decedent's domicile, Pennsylvania, had the strongest interest in the question of damages and that Colorado had "little interest in the measure of damages." *Id.* 203 A.2d at 806.

Several later federal decisions have applied the *Griffith* case. *See, e.g., Scott v. Eastern Airlines, Inc.,* 399 F.2d 14 (3d Cir.), *cert. denied,* 393 U.S. 979, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968) (Pennsylvania resident killed in airplane crash in Massachusetts); *Doyle v. Brazeau* [1987 WL 10114], 1987 U.S.Dist. Lexis 3331 (E.D.Pa.) *aff'd mem.,* 835 F.2d 282 (3d Cir.1987) (Pennsylvania resident killed in car accident in Florida); *Soares v. McClosky,* 466 F.Supp. 703 (E.D.Pa.1979) (Rhode Island resident killed in Pennsylvania car accident; Rhode Island law applied though defendant a Pennsylvania resident).

The court will apply Pennsylvania substantive law to damages. That state was the domicile of the decedent and is the current residence of the plaintiffs.

So ordered.