### H. M. CHANDLER CO., Inc. v. PENN PAPER PRODUCTS, Inc., et al.

United States District Court
S. D. New York.
Jan. 4, 1950.

754

Beekman Aitken, New York City, for plaintiff.

James & Franklin, New York City, for defendants Penn Paper Products, Inc., and Reuben Metchik.

Edward R. Shultz, New York City, for defendant John Skurdna.

Manfred Nathan, New York City, for defendant Schapiro Professional Record Corporation.

Irwin A. Lowenfeld, New York City, for defendant Simon H. Katz.

NOONAN, District Judge.

Plaintiff has moved for a preliminary injunction, enjoining the defendants, pending a final hearing and determination of this action, from infringing upon the copyright of plaintiff's Dental Chart. In support of this motion, plaintiff alleges that the Dental Charts manufactured and sold by the defendants, are identical in design with the charts manufactured by the plaintiff, and upon which plaintiff has secured copyright registration.

■ The granting of a preliminary injunction is an exercise of far reaching power to be indulged in only in a case clearly demanding it. Warner Bros. Pictures, Inc., et al. v. Gittone, Mayor et al., 3 Cir., 110 F.2d 292. The moving papers should establish that a denial will cause irreparable injury, during pendency of the action. Sims v. Greene, 3 Cir., 161 F.2d 87, American Mercury, Inc., v. Kiely, 2 Cir., 19 F.2d 295.

Plaintiff here does claim irreparable injury but, in my opinion, does not set forth facts to establish this claim. It does not appear how substantially, if at all, plaintiff's business will be injured if the relief sought is denied. Further, if the plaintiff is eventually successful, I am not persuaded that it will suffer irreparable harm by a denial of this motion. Conversely, by the granting of this motion, the defendants would be injured seriously and, perhaps, irreparably. Balancing the equities here, it appears that if a preliminary injunction is granted, the benefit to plaintiff is disproportionate to the injury to defendants.

■ Plaintiff states in its complaint that the defendants' alleged infringement occurred "after September 26, 1932," but does not specify the date or dates when it learned of defendants' alleged wrongful acts. On the other hand, the various defendants have been engaged in the sale of these charts for periods ranging from over one year to thirteen years. On such a motion as this, it should appear that prompt action was initiated by the plaintiff. Consent, expressed, or implied from the acquiescence, with knowledge of the infringement, will prevent relief in equity. Edwin L. Wiegand Co. et al. v. Harold E. Trent Co., et al., 3 Cir., 122 F.2d 920. There is nothing in the moving papers to offset a fair inference of laches.

■ In my opinion, the granting of this motion would be an abuse of discretion. International Film Service Co., Inc., v. Associated Producers, Inc., D.C., 273 F. 585, 588. Lowe v. Consolidated Edison Co., D.C., 67 F.Supp. 287.

The motion is, therefore, denied.