## ACADEMY AWARD PRODUCTS, Inc. v. BULOVA WATCH CO.

United States District Court
S. D. New York.
April 25, 1950.

Louis Zimmerman, New York City, attorney for plaintiff.

Sanford H. Cohen, New York City, and Byerly, Townsend & Watson, New York City, attorneys for defendant.

NOONAN, District Judge.

This is an application for a temporary injunction restraining the defendant from distributing, selling, etc., clocks and watches with the designation "Academy Award" or any colorable imitation thereof.

It appears that the plaintiff registered its trademark "Academy Award" in the United States Patent Office on April 29, 1947, No. 429328, in Class 27 for watches and clocks.

The defendant has recently put upon the market a line of watches which it sells under the designation "Academy Award", which is the precise trademark issued to the plaintiff. This action has been instituted under the trademark laws of the United States for alleged infringement of the said trademark. On this motion, plaintiff seeks to restrain defendant from the use of its aforesaid trademark pending the trial of this action.

The defendant freely admits that it is manufacturing and selling watches under the designation "Academy Award".

For the purposes of this motion it would seem that the controlling element is that the plaintiff is not now, and has never been, in the business of manufacturing or selling watches. In this connection it is of the utmost importance to point out that, with respect to the particular registration relied on in this suit, the only sale ever made by plaintiff was one by plaintiff's patent attorney, who took an old watch and a new alarm clock which he had purchased in a drug store and delivered them to someone in New Jersey, who paid him a small amount as the purchase price therefor. This fact is admitted by plaintiff through its attorney. This transaction, it is asserted, occurred on February 5, 1946 prior to the filing of plaintiff's application for trademark registration. Since that time plaintiff has never used the words "Academy Award" registered as its trademark, in connection with the sale of watches and clocks. Plaintiff urges that it has never intended to abandon its registration but intends to actively utilize the same. It is abundantly clear, therefore, that, except for the one sale mentioned plaintiff has never used the words "Academy Award" as a distinctive mark in connection with the sale of watches and clocks by it.

■ It seems to be well established that a "right to a particular mark grows out of its use, not its mere adoption, and is not the subject of property except in connection with an existing business". George W. Luft Co., Inc., v. Zande Cosmetic Co., Inc., et al., 2 Cir., 142 F.2d 536, 541.

■ The plaintiff urges repeatedly that this is an action for trademark infringement and not for unfair competition. That there can be unfair competition without the existence of trademark infringement seems clear but it is also the law that there cannot be any trademark infringement without the presence also of those acts which amount to unfair competition. Smith v. Dental Products Co., Inc., et al., 7 Cir., 140 F.2d 140, 149.

■ The registration of plaintiff's trademark, the validity of which is not being considered on this motion, secured to plaintiff only the right to sue in a Federal Court without diversity of citizenship. Standard Brands, Inc., v. Smidler, 2 Cir., 151 F.2d 34, 36.

■ In view of the foregoing, I am of the opinion that plaintiff has not, for the purposes of this motion at least, clearly established its right to the exclusive use of the trademark in question and has not demonstrated that it is entitled to the drastic relief it seeks by way of a preliminary injunction.

Furthermore, the moving papers do not establish that a denial of a preliminary injunction will cause irreparable injury to plaintiff during the pendency of this action. Plaintiff's statement that it is in the process of selling, or attempting to sell, the trademark creates only the most nebulous possibility that a denial of this motion would cause any injury to it. It has not sold the trademark up to this time and the inference might well be drawn that it is now attempting to effect a sale of its trademark because of the marketing by the defendant of watches bearing the designation "Academy Award".

■ It is well settled that the granting of a preliminary injunction is an exercise of far-reaching power to be indulged in only in cases clearly demanding it. Warner Bros. Pictures, Inc., et al. v. Gittone Mayor et al., 3 Cir., 110 F.2d 292; H. M. Chandler Co., Inc., v. Penn Paper Products, Inc., et al., D.C., 88 F.Supp. 753.

On all of the facts before me, it does not appear that this is such a case. The motion is accordingly denied.

Counsel for both sides have stated that they desire a speedy trial of this cause. That matter is respectfully referred to Chief Judge John C. Knox for such action as he may determine.