See also, D.C., 9 F.R.D. 335.

**AUTOMATIC WASHER CO. v. EASY WASHING MACHINE CORPORATION.**

Civ. No. 3354.

United States District Court
N. D. New York.

Argued June 26, 1950.

Decided July 7, 1950.

Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y., Gerald H. Henley, Syracuse, N. Y., of counsel, for plaintiff.

F. P. Keiper, Syracuse, N. Y., for defendant.

BRENNAN, Chief Judge.

Plaintiff moves for an order transferring this action to the United States District Court for the Southern District of New York. The motion is based upon the provisions of Title 28 U.S.C.A. § 1404(a). It is the claim of the plaintiff that the interests of justice would be served if this cause could be tried concurrently with an action pending in the Southern District of New York entitled "Easy Washing Machine Corporation, Plaintiff, v. R. H. Macy & Co., Inc., Defendant, and Automatic Washer Company, Intervenor-Defendant". It is asserted that common ques-

tions of law and fact are involved in the two actions; that expense, delay and duplication of evidence will be avoided by such transfer.

The defendant disputes the factual and legal bases of this motion.

The moving party files a supporting affidavit, but its allegations are conclusive in form and no facts are set forth which can be said to support the motion. Under such circumstances recourse is had to an examination of the pleadings in both actions to determine whether or not the interests of justice are served by the granting of this motion.

The parties involved in the two litigations referred to herein will be referred to for convenience as "Automatic", "Easy" and "Macy".

The instant action arises under the Trade-Mark laws of the United States. It seeks an injunction and money damages because of the alleged infringement by Easy of a trade-mark "Spin-Dry", which is used in the advertising and sale of plaintiff's laundry machine products. Easy denies the alleged infringement, and sets up several defenses which challenges the validity of Automatic's trade-mark and its exclusive right to the use of the word "Spin-Dry". It sets up in its answer a counterclaim and prays that the complaint be dismissed; that it recover its costs, expenses and damage, and that Automatic's certificate of trade-mark registration be declared void and cancelled.

In spite of the rather lengthy allegations of the pleadings this Court concludes that the present action is essentially a trade-mark infringement action.

The pleadings in the action above referred to as pending in the Southern District of New York show that Easy originally started an action against Macy alone, and bases its right to recover upon two separate causes of action. The first cause of action is a plain patent infringement claim. The second cause of action is based upon diversity of citizenship, and is an action to recover damages on account of unfair competition; the basis of the second cause of action being the claim that Macy has sold and continues to sell laundry or washing machines upon which are marked the term "Spin-Dryer"; that same unfairly competes with Easy's product which is marked with the registered trademark "Spindrier". The complaint seeks an injunction and damages. Macy by its answer denies patent infringement; alleges the invalidity of the Easy patent; pleads certain equitable defenses, and denies unfair competition.

It appears that the laundry machines sold by Macy were in fact manufactured by Automatic, and Automatic was granted leave to intervene in the Southern District Court action. Its answer is similar to the answer of Macy insofar as the patent infringement suit is concerned. Automatic, of course, is not interested in the second cause of action alleging unfair competition.

There is no dispute but that this motion involves the discretion of the court, guided by the factors enumerated in a general way in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, at pages 508–509, 67 S.Ct. 839, 91 L.Ed. 1055.

Upon the argument of the motion no point was made that the convenience of witnesses would be served by the granting of the motion. It is apparent that this cause can be tried in the Northern District of New York earlier than in the Southern District of New York with its congested calendar. Easy's manufacturing plant and main office is at Syracuse, New York, so that its private interests would not be served by the granting of this motion. Automatic's principal place of business is in the State of Iowa, so that its private interests is served as well by trial in the Northern District as in the Southern District. Actually the only argument in favor of the motion is the assertion that unless the motion is granted the litigation will involve two trials which, of course, is to be avoided if possible. This Court finds that there is little, if any, basis for the argument. Certainly, the evidence in the trade-mark infringement case in the Northern District would not be material to the patent infringement cause of action in the South-

ern District. Since unfair competition may exist without trade-mark infringement, the second cause of action in the Southern District does not necessarily make infringement evidence offered in the Northern District case material to that issue. It is true that trade-mark infringement involves some acts which amount to unfair competition, Academy Award Products v. Bulova Watch Co., D.C., 90 F. Supp. 12, but to assume that the Northern District case of infringement will be proven at least in part by the same evidence as will be offered in the unfair competition case in the Southern District is pure speculation. Infringement as alleged involves a general course of conduct by Easy. The unfair competition case involves a series of sales by Macy of machines manufactured by Automatic. The parties to the infringement and unfair competition causes of action are not the same. The acts complained of were performed by different parties in each case. The parties injured and the parties causing the injury are different. The receipt of evidence in one case would not assure its competency in the other. It may be possible that in the trade-mark case some evidence may be offered which would be competent in the unfair competition cause of action, such as the extent of Easy's use of the trade-mark "Spindrier". This evidence, however, of necessity would be produced by Easy, and Easy opposes this motion. Such evidence in any event would seem to be for the most part statistical and subject to production without inconvenience.

Automatic has laid the venue of this action in the Northern District. Its choice of venue, especially over the objection of the defendant, should not be lightly changed. The Court is impressed that to grant the motion would be likely to create confusion in the Southern District litigation by the injection of a new controversy in which the principal defendant Macy is not interested.

The motion is denied.

It is ordered accordingly.