**THOMPSON PRODUCTS, Inc.,**
Plaintiff,

v.

**The PENNSYLVANIA RAILROAD COMPANY, Defendant.**

United States District Court,
S. D. New York.

Jan. 7, 1955.

Bigham, Englar, Jones & Houston, New York City, James M. Hughes, Jr., New York City, of counsel, for plaintiff.

Bleakley, Platt, Gilchrist & Walker, New York City, Robert L. Conkling, New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion made by plaintiff, pursuant to Title 28 U.S.C.A. § 1404(a), to transfer this action to the United States District Court for the Middle District of Pennsylvania at Harrisburg, Pennsylvania. Unlike the ordinary situation in motions of this nature, it is made by the plaintiff, who originally chose the present forum, instead of the defendant.

The action is one for damages to freight which had been shipped by Landis Tool Company at Waynesboro, Pennsylvania, over the lines of the defendant railroad company and consigned to the plaintiff at Cleveland, Ohio. There is no doubt that the defendant could be sued in Pennsylvania. There also seems to be no doubt that the cause of action arose in Pennsylvania, and that most of the witnesses reside in Pennsylvania.

Plaintiff urges as the reason for the transfer that subsequent to the commencement of the action and within a recent period of time, it has come to its attention that the defendant will contend that the damage to the freight was caused by improper loading on the part of the Landis Tool Company, and that it desires to join Landis Tool Company as a defendant in this action so that it may seek relief in the alternative against the carrier or the shipper. It alleges that Landis Tool Company is subject to suit in Pennsylvania but not in New York. It appears that the action will not be reached for trial in this District any sooner than it probably would in the District to which transfer is sought.

The defendant urges that the plaintiff, having chosen the present forum, is not in a position to seek a transfer under the provisions of Section 1404(a).[1]

Section 1404(a) is not restricted by its terms to applications to be made by defendants. Judge Irving Kaufman, in his excellent treatise on "Observations on Transfers under Section 1404(a) of the New Judicial Code", 10 F.R.D. 595, states:

"Though 1404(a) was designed mainly to give defendants more of an even standing with plaintiffs on choice of venue, it should not be barred entirely to plaintiffs for situations are conceivable in which a defendant amenable to suit in several forums is sued in an inconvenient forum by the plaintiff who subsequently seeks to rectify his error. This should be permitted." 10 F.R.D. 603.

1. Bolten v. General Motors Corp., D.C.N. D.Ill.1949, 81 F.Supp. 851, reversed on other grounds, 7 Cir., 1950, 180 F.2d 379, 21 A.L.R.2d 623, certiorari denied 340 U.S. 813, 71 S.Ct. 41, 95 L.Ed. 598; Automatic Washer Co. v. Easy Washing Machine Corp., D.C.N.D.N.Y.1950, 91 F. Supp. 894. In those cases, the fact that the motion to transfer had been made by the plaintiff was not, alone, determinative of the denial thereof. In each case the motion was denied in the discretion of the Court upon the facts peculiar therein. Cf. Christopher v. American News Co., 7 Cir., 1949, 176 F.2d 11.

In Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949, the Court had before it a petition for a writ of mandamus to prohibit a District Judge from transferring an action from the Western District of New York to the Southern District of California. The Court of Appeals for this Circuit held that where the defendants in the action were not amenable to process in California, the action could not be transferred to the Southern District of California. The motion for transfer had been made by the plaintiff. As Judge Kaufman pointed out in his foregoing article, the Court of Appeals did not remark on this "but evidently gave 1404 (a) its plain interpretation which does not restrict the use of the Section to defendants."

In Barnhart v. John B. Rogers Producing Co., D.C.N.D.Ohio, 1949, 86 F. Supp. 595, the Court held, however, that Section 1404(a) is not available to plaintiffs who voluntarily choose their own forum and denied a motion for transfer made by a plaintiff. This decision has been criticized by the annotator of the above case in 10 A.L.R.2d 934 who states:

"It seems that there is reason to doubt the soundness of this conclusion. To construe the word 'parties', as used in the statute, as limited to a party or parties defendant, would seem to read into it an intendment contrary to its plain meaning."

In the present case, we are faced with the situation where the plaintiff frankly states that its choice of the New York forum was a mistake, since facts developed subsequent to the bringing of the lawsuit indicate the desirability of joining Landis Tool Company as a defendant so that the issue of liability of either the shipper or the carrier for the damage to the freight may be determined in one action with all parties before the Court. Plaintiff points out that it cannot now institute a new action in Pennsylvania because its claim against the railroad company would be barred by the passage of time under the provisions of the bill of lading. If it were to institute a separate suit in Pennsylvania against the Landis Tool Company, it would require the issues to be presented in two separate trials in two separate jurisdictions with a great inconvenience to witnesses and parties. If a claim is to be made against both the shipper and the carrier, the convenience of parties and witnesses would obviously seem to be served if the issue were tried in one action wherein both the shipper and the carrier were defendants.

The present case would seem to be one where "in the interests of justice" the transfer should be made. Law should not be regarded as a game of chess where one false move on the part of one of the parties might result in him being "check-mated". Rather, it should be an attempt to arrive at substantial justice between the parties. Substantial justice would be better served by allowing the transfer.

The motion to transfer the action is granted. Submit order on notice.