Michael LEYDEN, Plaintiff,

v.

EXCELLO CORPORATION, a Michigan corporation authorized to do business in the State of New Jersey, Lonnie Furgesen and Gene Gottemoller, Defendants.

Civ. A. No. 1143-59.

United States District Court
D. New Jersey.

Nov. 4, 1960.

McDonough & Sullivan by Richard C. McDonough, Plainfield, N. J., for plaintiff.

# 397

McKeown, Harth & Enright, by Vincent D. Enright, Jr., Newark, N. J., for defendants.

HARTSHORNE, District Judge.

█ This negligence action was filed in this Court more than two years, but less than three years, since the accident. The action is therefore barred by the New Jersey Statute of Limitations, N.J.S.A. 2A:14–2, but not by the New York Statute, Civil Practice Act, § 49. Defendants Excello (a Michigan corporation authorized to do business in New Jersey) and Gottemoller (a New Jersey resident) accordingly filed a motion for summary judgment. Plaintiff thereafter noticed a motion to transfer the cause under Title 28 U.S.C.A. § 1404(a) to the Southern District of New York, obviously in order to save the case. This statute provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In the first place, there is real question whether the action might have been brought in the Southern District of New York originally because it is indeed dubious whether defendant Excello was doing business in New York and could have been served there. Defense counsel frankly admitted this at the oral argument and said that after considering the entire situation, and this angle of the matter particularly, he decided the thing to do was to sue here, not in the New York District. Furthermore, the transfer would not convenience either the parties or witnesses, who, generally being in New Jersey and the New York City area, are substantially equally available to both districts.

Finally, the individual defendant, Gottemoller, a New Jersey resident, is not amenable to service in New York. Under these circumstances, it is clear that a transfer to New York would be improper as to Gottemoller as the action could never have been instituted there. Furthermore, it is quite possible that it would be improper to transfer the case unless all the defendants could properly be transferred to New York. See to that effect Glasfloss Corp. v. Owens-Corning Fiberglas Corp., D.C.S.D.N.Y.1950, 90 F.Supp. 967 and Ferguson v. Ford Motor Company, D.C.S.D.N.Y.1950, 89 F.Supp. 45. In those cases the consent of the defendant not amenable to service in the transferee district was required. Obviously Gottemoller is not going to consent to the transfer, since it might make him liable in New York, whereas here in New Jersey the statute of limitations entitles him to summary judgment. Since, for the above reasons, the transfer motion cannot be made to cover the whole case, it would fall, regardless of the problem presented by the statute of limitations.

█ In addition, there is authority to support defendants' contention that summary judgment should lie and that the transfer should be denied on the ground that the prior motion on the statute of limitations governs and no abuse of discretion would result from the consequent denial of the § 1404(a) motion. See to this effect Quinn v. Simonds Abrasive Co., 3 Cir., 1952, 199 F.2d 416 and Bolten v. General Motors Corp., D.C.N.D.Ill. 1949, 81 F.Supp. 851, reversed on other grounds 7 Cir., 1950, 180 F.2d 379, 21 A.L.R.2d 623.

Nor is Thompson Products, Inc. v. Pennsylvania Railroad Co., D.C.S.D.N.Y. 1955, 127 F.Supp. 449 to the contrary. Of course, a transfer sought by plaintiff might be made under Section 1404(a) under certain circumstances. But in *Thompson* it was allowed simply because it was found, after filing the complaint, that another defendant had to be added to obtain adequate relief. Here all facts were known and carefully calculated by plaintiff when he started suit in this District.

Hence the transfer motion should be denied and the motion for summary judgment granted. An order may be entered accordingly.