Maria R. **MATA**

v.

The **BUDD COMPANY.**

No. 43478.

United States District Court
E. D. Pennsylvania.
April 24, 1968.

Kassap, Cherry, Curran & Archbold,
Robert E. J. Curran, Chester, Pa., for
plaintiff.

White & Williams, J. Paul Erwin, Jr.,
Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This matter is before the Court for disposition of defendant's motion pursuant to Rule 12(c) of the F.R.Civ.P. for judgment on the pleadings.

This is an action to recover damages for personal injuries sustained by plaintiff, a citizen of New Jersey, on November 14, 1964, at the Union Station Terminal in Washington, D. C., while alight-

ing from a railroad coach which she contends was negligently designed, manufactured and remodeled by the defendant, a resident of Pennsylvania. The action was commenced on September 1, 1967, by filing the complaint in accordance with Rule 3 of the F.R.Civ.P. and the summons was issued on the same date. The defendant contends that plaintiff's action is barred by the Pennsylvania two-year statute of limitations, 12 P.S. § 34, while plaintiff contends that the action is not barred by the Washington three-year statute of limitations, 12 D.C.Code § 301 (1967 Edition). The sole question in this case, therefore, is which statute of limitations is applicable.

The jurisdiction of the Court in this case rests upon diversity of citizenship. Under the decision of Klaxon Company v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), this Court must follow the conflict of law rules prevailing in the Commonwealth of Pennsylvania. The Pennsylvania conflict rule relating to the limitation of actions is that the law of the forum rather than the law of the place where the cause of action arose determines the time within which a cause of action may be commenced, in the absence of a statute of the forum changing the time.[1] Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346 (1931). The present action was commenced more than two years after the date upon which it is claimed that the alleged personal injuries were sustained. Applying the Pennsylvania statute of limitations, the present action is completely barred. Chernoff v. Sunshine Packing Corp. of Pennsylvania, 210 F. Supp. 717 (W.D.Pa.1962).

In an effort to save the case, plaintiff moves this Court for a change of venue pursuant to 28 U.S.C. § 1404(a). This statute provides:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Whether the present action "might have been brought" originally in the District of Columbia is doubtful where, as justification for filing the present suit in this Court, plaintiff's counsel states in her brief "that service of process upon the Budd Company would be difficult if not impossible in the District of Columbia". Whether the transfer would "convenience the parties" is doubtful where the plaintiff is a resident of New Jersey and the defendant a resident of Pennsylvania.

The plaintiff seems to intimate that a transfer of this case by this Court would further the "interest of justice" in that it was not until March 18, 1967, in the course of pre-trial discovery, that she learned that the Budd Company had done any work on the railroad coach in question. Although plaintiff is not bound by her choice of forums if she later discovers that there are good reasons for transfer under Section 1404(a), Thompson Products, Inc. v. Pennsylvania Railroad Co., 127 F.Supp. 449 (S.D.N.Y. 1955), where she files suit in this Court so as to obtain personal jurisdiction over the defendant and then files a motion to transfer the action when confronted by the statute of limitations, knowing full well all the relevant facts at the time she

---

1. Pennsylvania does have a so-called "borrowing statute", 12 P.S. § 39, which modifies the time within which a cause of action normally may be commenced in Pennsylvania. It provides in substance that if a cause of action has been fully barred by the law of the place where it arose, such bar shall be a complete defense to an action brought in any of the Courts of Pennsylvania. Since the complete defense provided by this statute is available only against an action fully barred by the laws of the place wherein the cause of action arose, it has no application in the present case in that the statute of limitations of the District of Columbia did not bar the cause of action at the time the instant suit was filed.

commenced this action, the "interest of justice" would be thwarted rather than served if this Court permitted this type of "legal footwork". Leyden v. Excello Corporation, 188 F.Supp. 396 (D.C.N.J. 1960).

██ Moreover, having decided that the Pennsylvania two-year statute of limitations would bar this action, it would appear "that the transfer should be denied on the ground that the prior motion on the statute of limitations governs and no abuse of discretion would result from the consequent denial of the § 1404(a) motion". Leyden v. Excello Corporation, supra, at 397. See also Quinn v. Simonds Abrasive Co., 199 F.2d 416 (3rd Cir. 1952). Once the motion for judgment on the pleadings is granted, it having been filed prior to the motion for transfer, there is no longer any action pending in this Court which may be made the subject of transfer.

Accordingly, the transfer motion should be denied and the motion for judgment on the pleadings should be granted.