Tawnee GAITHER, by her mother and natural guardian Charmaine Gaither, and Charmaine Gaither, Individually, Plaintiffs,

v.

BOONE COUNTY BOARD OF EDUCATION, Joseph Kahman, Roger Noble and Larry Issac, Defendants.

No. 78 Civ. 2663–CSH.

United States District Court, S. D. New York.

Feb. 23, 1979.

Kranis & Kranis by Richard Kranis, New York City, for plaintiffs.

Burke, Curry, Hammill & O'Brien, P. C. by Luke A. Burke, Mineola, N.Y., for defendants Joseph Kahman & Larry Issac.

O'Brien, Kelly & Rode by Francis P. Daly, Jr., Mineola, N.Y., for defendant Boone Cty. Bd. of Ed.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

The infant plaintiff Tawnee Gaither was injured on August 25, 1977, when the school bus in which she was riding collided with a truck on Woolper Road in Boone County, Kentucky. The bus was owned by the Boone County Board of Education and was operated by its employee, Larry Issac; the truck, owned by Joseph Kahman, was driven at the time of the accident by Roger Noble. Defendants Issac, Kahman and Noble are all citizens of Kentucky and residents of Boone County. Plaintiffs started this diversity action to recover damages for negligence on May 26, 1978; personal service on the defendants was apparently effected in Kentucky in August, 1978.[1]

Defendants Kahman and Noble now move to dismiss plaintiffs' complaint for lack of personal jurisdiction and improper venue, or alternatively, to quash the return of summons. Defendants Boone County Board of Education and Issac move for dismissal on similar grounds. Plaintiffs resist these motions and request, as an alternative to dismissal, that this action be transferred to the appropriate Kentucky federal court.[2]

For the reasons that follow, I have concluded that a transfer to the United States District Court for the Eastern District of Kentucky is appropriate.

## I.

The starting point of my analysis is *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). There the Supreme Court reversed a dismissal by a transferee court which had been based on a lack of *in personam* jurisdiction in the transferor court, holding:

"The language of [28 U.S.C.] § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." 369 U.S. at 466, 82 S.Ct. at 916.

Section 1406, entitled "Cure or waiver of defects," provides in pertinent part:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The *Goldlawr* Court found nothing in the above-quoted language or the relevant legislative history which indicated an intent to

---

1. I intimate no view as to the presence or absence of complete diversity in this case, or the sufficiency of service of process. Such facts as are recited herein are accepted solely for the purposes of deciding the instant motions.

2. The defendants Boone County Board of Education and Issac join in this request for alternative relief.

restrict the operation of § 1406(a) to cases where the transferee court possessed valid *in personam* jurisdiction. Further, the Court perceived the "interest of justice" language of the statute to be directed, at least in part, to the precise *Goldlawr* situation: "[D]ismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in [its choice of venue]." 369 U.S. at 466, 82 S.Ct. at 915.

The Second Circuit has had occasion recently to consider whether § 1406(a) and the *Goldlawr* decision in principle limit the transfer power to cases where venue is *improper* in the transferor court. The *Goldlawr* dissenters had noted that the majority's construction of § 1406(a) would not reach a situation where venue was *proper* but *in personam* jurisdiction nonetheless lacking. *See* 369 U.S. at 468, 82 S.Ct. 913 (Harlan, J., dissenting). In *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978), the Second Circuit resolved the problem envisioned by the *Goldlawr* dissent, holding "that the court 'has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the

district, if the transfer would be in the interest of justice.' " *Id.* at 80 (quoting *Volk Corp. v. Art-Pak Clip Art Service*, 432 F.Supp. 1179, 1181, (S.D.N.Y.1977) (per Weinfeld, D.J.)).[3]

## II.

Neither plaintiffs nor defendants have cited the *Goldlawr* or *Corke* decisions, but they appear to be dispositive of the case at bar.

Plaintiffs premise jurisdiction solely on diversity of citizenship, and represent that both the infant plaintiff and her mother, individually and as guardian, are New York citizens and residents. Venue is apparently appropriate in this district under 28 U.S.C. § 1391(a).[4]

There does not appear to be a basis for the exercise of personal jurisdiction over these defendants in New York. Each of the defendants was apparently personally served in Kentucky. The record provides no basis for acquiring so-called long-arm jurisdiction over any of these defendants under N.Y.C.P.L.R. § 302(a).[5] Plaintiffs do not contend that any of the criteria under that section have been met, whereby extraterritorial service upon defendants would

3. The Second Circuit apparently approved Judge Weinfeld's reading of 28 U.S.C. § 1404(a) in conjunction with § 1406(a) to place "a judicial gloss on the statutory language, thereby curing Congress' defective draftmanship" and the problem foreseen by the *Goldlawr* dissent. *Corke v. Sameiet, supra*, 572 F.2d at 80 n. 9. 28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

4. That section provides:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a).

5. The statute reads in pertinent part:

"Personal jurisdiction by acts of non-domiciliaries

"(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court

may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:

"1. transacts any business within the state; or

"2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

"3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

"4. owns, uses or possesses any real property situated within the state." N.Y.C.P.L.R. § 302(a) (McKinney 1972).

subject them to personal jurisdiction in this Court.

Plaintiffs next invoke *Seider v. Roth*, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966), with neither citation nor discussion, as though the mere recitation of that famous case name were sufficient to confer personal jurisdiction. The record is devoid of any indication that plaintiffs have attached the obligation of the insurer for either the Kahman truck or the Boone County school bus, if indeed such insurer or obligation can be deemed to be "present" in New York. There is simply no basis at the present time for the exercise of *Seider v. Roth*-type jurisdiction.

In short, on this record, I am faced with precisely the situation addressed by the Second Circuit in *Corke, supra*. Although venue seems to be appropriate, personal jurisdiction over the defendants apparently is lacking, and the issue is whether the interest of justice requires transfer rather than dismissal. I conclude that it does.[6]

As in *Goldlawr, supra*, and *Corke, supra*, dismissal would prejudice plaintiffs. The Kentucky limitations period governing actions for personal injury is one year. 15 Ky.Rev.Stat.Annot. § 413.140(1)(a) (1972). Insofar as the accident at issue occurred on August 25, 1977, the institution of suit in Kentucky subsequent to dismissal here would likely meet with a viable statute of limitations defense. Transfer rather than dismissal, on the other hand, would give plaintiffs the benefit of their timely filing here in May, 1978.

Transfer to Kentucky would also enable the Court to exercise *in personam* jurisdiction over the defendants, a factor of critical relevance in both *Goldlawr* and *Corke*. Defendants have proved amenable to service in Kentucky, and no difficulty in again effecting personal service need be anticipated should the transferee court find the original service on defendants defective.

Finally, transfer would work no prejudice to defendants' position on the merits of this case.

Accordingly, since on this record the Eastern District of Kentucky is a place of proper venue under 28 U.S.C. § 1391(a), and a forum wherein personal jurisdiction over the defendants may be had, in the interest of justice this action is hereby transferred to the United States District Court for the Eastern District of Kentucky.

It is So Ordered.

---

**6.** Plaintiffs' argument that a transfer to Kentucky will prejudice them misses the point. The choice is between transfer and dismissal, since I cannot exercise non-existent personal jurisdiction as to these defendants over their objection. Whether the convenience of parties and witnesses dictates a place of trial other than Kentucky is a question properly addressed to the transferee court on a motion under § 1404(a). Plaintiffs' other objection to the instant motions is frivolous.