Grayce M. and Valarie D. YOUNG

v.

Horace G. CUDDINGTON and Freight Carrier Corporation.

Civ. No. 78–1104.

United States District Court, M. D. Pennsylvania.

Feb. 28, 1979.

Clarence C. Morrison, Harrisburg, Pa., for plaintiffs.

G. Thomas Miller, Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, District Judge.

■ The issue to be resolved here is whether a litigant may file an action in a federal district court wherein venue is properly laid and personal jurisdiction is not contested and, after being confronted with the fact that the applicable statute of limitations in that court would bar the action, have the case transferred to a district court in another state where it could have been brought in the first instance; where the claim may arguably not have been barred by the statute of limitations if brought there originally; and where it may arguably not be barred by that statute if transferred there now. Although I am concerned about the. manner in which plaintiffs' attorney has handled this action, I feel that under the circumstances it is appropriate to allow the transfer.

Plaintiffs in this diversity action are residents of Pennsylvania, defendants are residents of North Carolina,[1] and the automobile accident out of which the claim arose occurred in Maryland on November 12, 1975. The complaint was filed in this court on November 13, 1978. Defendants have not asserted any lack of personal jurisdiction, but have moved to dismiss on the grounds that this action is barred by the running of the applicable Pennsylvania statute of limitations. Plaintiffs, in turn, have moved to have the action transferred to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1406(a).

■ Since this court sits in Pennsylvania, the conflict of law rules of this state apply. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In a situation such as the one presented here, the Pennsylvania courts would apply their own statute of limitations. *See Bulkin v. Western Kraft East, Inc.*, 422 F.Supp. 437 (E.D.Pa.1976); *Rosenweig v. Heller*, 302 Pa. 279, 153 A. 346 (1931). The applicable Pennsylvania limitations period is two (2) years. *See* Pa.Stat. Ann. tit. 12, § 34 (Purdon). Hence, under Pennsylvania law, this action would be barred by the statute of limitations. Plaintiffs admit this. *See* doc. 5, plaintiffs' answer to defendants' motion, filed Jan. 3, 1979. However, they claim that the limitations period of Maryland is three years, that this action was timely filed within that three year period,[2] and that this court should transfer the action pursuant to 28 U.S.C. § 1406(a) to Maryland so that the case may be heard on the merits and in order that "the ends of justice" can, therefore, be better served. This is the extent of the argument presented by plaintiffs in their one page brief.

28 U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong

---

**1.** According to the complaint, the defendants are residents of North Carolina, and this is supported by the U.S. Marshals Service of Process Receipt and Return. Defendants, in their brief in support of their motion to dismiss, see infra, state that they are citizens of South Carolina. It is not relevant for our purposes whether defendants reside in North or South Carolina.

**2.** Since November 12, 1978 was a Sunday, plaintiffs claim that their filing was timely under Maryland law.

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Since the auto accident occurred in Maryland it would appear that this action could have been brought there originally. I will assume for purposes of this opinion that if the action is transferred, the district court of Maryland will apply Maryland law,[3] and, that under that law, plaintiffs will not be barred by the statute of limitations.[4]

■ Defendants resist plaintiffs' motion and assert 1) since plaintiffs are residents of this district, venue is properly laid here pursuant to 28 U.S.C. § 1391(a) and, hence, transfer under § 1406(a) is not available; and 2) the court should not permit the type of "legal maneuvering" plaintiffs are allegedly involved in here. As to the question of proper venue, some district courts in this circuit have ruled that a transfer pursuant to § 1406(a) is not permissible if venue is proper in the proposed transferor court. *See Buhl v. Jeffes*, 435 F.Supp. 1149 (M.D.Pa.1977); *Shong Ching Lau v. Change*, 415 F.Supp. 627, 631–632, n. 6 (E.D. Pa.1976); contra *Ferguson v. Kwik-Chek*, 308 F.Supp. 78 (D.V.I.St. Croix 1970). The United States Court of Appeals for the Third Circuit, while noting the problem, *see United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964), has not ruled on the issue. However, at least four other federal appeals courts have considered it and all have ruled that a court may transfer an action pursuant to 28 U.S.C. § 1406(a), even if the venue was not improper in the transferor court. *See Corke v. Sameiet, M.S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978); *Taylor v. Love*, 415 F.2d 1118 (6th Cir. 1969), cert. denied 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8th Cir. 1967); *Dubin v. United States*, 380 F.2d 813 (5th Cir. 1967). These decisions received their impetus from *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82

S.Ct. 913, 8 L.Ed.2d 39. There the Supreme Court held that a federal district court could transfer a case laying venue in the wrong district pursuant to § 1406(a) even if it were lacking personal jurisdiction over the defendant or defendants. Based on that decision the above cited appellate courts have followed two lines of reasoning in allowing a transfer pursuant to § 1406(a) when personal jurisdiction is lacking, but venue is proper. It seems to this court that both lines of reasoning are in part directed at solving the possible unfairness inherent in allowing a litigant who was wrong as to *both* personal jurisdiction and venue to reap the benefit of a transfer as opposed to a dismissal and to refuse this benefit to a litigant who was mistaken as to personal jurisdiction, but correct as to venue.[5] One line of reasoning is to the effect that ". . . . a district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle [to] * * * an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle." *Dubin v. United States*, supra at 815. Also *see Mayo Clinic v. Kaiser*, supra. Other courts have simply focused on the "interest of justice" requirement. *See Corke v. Sameiet M.S. Song of Norway*, supra. I agree with these courts that a transfer pursuant to § 1406(a) is not automatically precluded by the presence of proper venue. I base this determination on the fact that the unfairness referred to above could occur if proper venue was an automatic bar to the use of § 1406(a) and that "interest of justice" is the most important requirement of that section.

As to the "legal maneuvering" argument, defendants rely heavily on *Mata v. Budd Company*, 44 F.R.D. 225 (E.D.Pa.1968). In that personal injury diversity action, the plaintiff was a citizen of New Jersey and the accident occurred in Washington, D.C.

3. This seems likely. *See* 1 Moore's Federal Practice § 0.145[4.–5] (1978).

4. That is, of course, a decision for the district court in Maryland. I am expressing no opinion

here on whether or not the Maryland statute of limitations has run.

5. *See* the dissent of Justice Harlan in *Goldlawr*.

while she was alighting from a railroad coach which was allegedly negligently designed and manufactured by defendant, a resident of Pennsylvania. The court decided that the two year Pennsylvania statute of limitations applied rather than the three year Washington, D.C. statute and that the action was, therefore, barred. The court also denied a motion by plaintiff to transfer the case to Washington, D.C. pursuant to 28 U.S.C. § 1404(a) because, besides the fact that it was doubtful that the convenience of the parties would benefit by the transfer, it appeared, and plaintiff admitted, that it would have been difficult if not impossible to have gotten personal jurisdiction over the defendant in the D.C. court. The court would not allow a litigant to file in one court in order to obtain personal jurisdiction not available in the proposed transferee court.[6, 7] Also *see Leyden v. Excello Corp.,* 188 F.Supp. 396 (D.C.N.J.1960). However, in our case there are no allegations of such maneuvering,[8] nor does such behavior appear to be present. Rather the filing here would seem to be some sort of mistake, the result of carelessness or some similar reason. The court can perceive no advantage, either legally, practically, or tactically, that results from plaintiffs having filed here.[9] This is especially true given the risk of dismissal that this course of action entails. In any event, plaintiffs do not appear to be attempting to accomplish anything that could not have been accomplished by filing in Maryland originally.

Having decided that proper venue does not automatically prohibit a transfer here and that plaintiff is not involved in the type of legal maneuvering which should preclude a transfer, the question still remains whether transfer is in fact appropriate and in the interest of justice. In *Taylor v. Love,* 414 F.2d 118 (6th Cir. 1969), cert. denied 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970) the court specifically stated that, even if the plaintiff had filed in the court of one state in order to stop the statute of limitations from running in another state, it was not an abuse of discretion to allow a transfer to the latter state. And in the one case, *Ferguson v. Kwik-Chek,* 308 F.Supp. 78 (D.V.I.St. Croix 1970) which this court has been able to find which dealt with almost the exact situation as presented here,[10] it was held that a transfer was appropriate even if the statute of limitations had run in the transferor state. Given the unitary nature of the federal court system, the general federal policy of disposing of cases on their merits, and the fact that defendant has alleged no prejudice that would result from the transfer in terms of defending on the merits, I believe that the holding in *Ferguson* is correct and that transfer is appropriate here.[11]

6. The court did not consider the issue of which law would apply if the case were transferred.

7. Defendants recognize that the *Mata* case involved § 1404(a) and argue that transfer pursuant to § 1404(a) would not be proper here. That may be, but that issue is not before the court. The fact that *Mata* concerned § 1404(a) is somewhat important in distinguishing the ruling there that a prior determination as to the statute of limitations and a grant as to that motion makes a denial of the § 1404(a) motion appropriate.

8. It may well be that personal jurisdiction is not even proper here. However, as stated, defendant has not raised that defense, and the court is not concerned here with whether that defense could be raised in the Maryland court.

9. And, hence, a situation such as the one presented here should, hopefully, not arise too often.

10. In that case, inter alia, the defendant did raise the defense of lack of personal jurisdiction. I do not believe a decision in a situation such as the one presented here should turn on whether a defendant has chosen to contest personal jurisdiction.

11. It is arguable that even if this case were dismissed, under the law in the fourth circuit, plaintiff could file in Maryland and the filing here would have tolled the Maryland statute. *See Atkins v. Schmutz,* 435 F.2d 527 (4th Cir. en banc, 1970). However, that case involved a rather unique fact situation not present here (a change in the law in the original court resulted in plaintiff being unexpectedly barred by the statute of limitations and at the time of the original filing plaintiff could not have gotten personal jurisdiction in the second court) and appears to have been undercut by subsequent decisions. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Sasso v. Koehler,* 445 F.

Supp. 762 (D.Md.1978); *Bradey v. Sowers,* 453 F.Supp. 52 (W.D.Va.1978). Also *see Walko* *Corp. v. Burger Chef Systems, Inc.,* 180 U.S. App. D.C. 306, 554 F.2d 1165 (1977).