**Evelyn O'BRIEN, Plaintiff,**

**v.**

**LAKE GENEVA SUGAR SHACK, INC., a Wisconsin corporation, Darryl Vincenti and Dana Vincenti, Defendants.**

No. 83 C 20184.

United States District Court, N.D. Illinois, W.D.

April 18, 1984.

---

Robert Shaw, Rockford, Ill., for plaintiff.

Thomas H. Neuckranz, Jacobs, Williams & Montgomery, Chicago, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is defendant's motion to dismiss and plaintiff's motion to transfer venue. The court's subject matter jurisdiction is based upon 28 U.S.C. § 1332. For the reasons set forth herein, defendant's motion to dismiss is denied and plaintiff's motion to transfer venue is granted.

### Background

The simple facts giving rise to the present controversy are uncontested. On November 1, 1980, the plaintiff, an Illinois resident, was injured when she slipped and fell on the premises of a night club in Wisconsin. On October 11, 1983, the plaintiff filed suit against the night club and its owners and operators in this court. On November 21, 1983, the defendants appeared and moved to dismiss the plaintiff's cause of action on the grounds that it was barred by Illinois' two year statute of limitations. Defendants did not raise any objection to the personal jurisdiction of this court.

Rather than responding to the defendant's motion to dismiss, the plaintiff filed a motion to transfer her action to the United States District Court for the Eastern District of Wisconsin. The plaintiff's motion was made pursuant to 28 U.S.C. § 1404(a). The applicable period of limitations in Wisconsin is three years.

### Discussion

Title 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

If the convenience of the parties and witnesses were the only consideration here, the court would have little difficulty in concluding that transfer is appropriate. The defendants are all allegedly Wisconsin residents and the occurrence took place in Wisconsin. A view of the stairway where the plaintiff allegedly fell would only be available there. Indeed, were it not for the differing statutes of limitations, the court has little doubt that defendants would be the ones urging a transfer of venue (or, as shall be discussed later, a dismissal for lack of personal jurisdiction).

The issue, however, is not so simply resolved. For § 1404(a) also requires the court to consider the "interests of justice". Pointing out that the plaintiff "elected an Illinois forum" and exhorting the evils of "forum shopping," the defendants contend the interests of justice argue against transfer here. Since she could have filed her action in Wisconsin originally, plaintiff apparently contends that the interests of justice should not permit a mistake in filing to bar her cause of action.[1]

In the view of this court, the interests of justice do militate in favor of allowing the plaintiff an opportunity to have her action adjudicated on the merits. The difficulty for the court, however, is determining whether the transferee district would be required, under applicable choice of law rules, to dismiss the plaintiff's action if the

---

1. Plaintiff's one page motion, filed without any supporting memorandum, simply states "[t]hat the filing of a lawsuit shows proper diligence on the part of the plaintiff..."

court was to transfer it. If such is the case, then the interests of justice would not justify such a futile transfer.

The question of what statute of limitations is applicable in a transferee district has given rise to tremendous controversy. Decisions can be found basing the determination on the party seeking the transfer, the reason for the transfer, and the provision upon which transfer is based. The common starting point in each of these decisions is the Supreme Court's opinion in *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

In *Van Dusen*, plaintiffs filed numerous diversity actions in Pennsylvania arising out of an airline crash in Massachusetts. In the district court, the defendants succeeded in having venue transferred to Massachusetts pursuant to § 1404(a). Plaintiffs objected to the transfer on the grounds that the interests of justice argued against it. Specifically, plaintiffs argued that Pennsylvania's choice of law rules would result in the application of substantially more liberal Pennsylvania wrongful death and punitive damage limitations. *Id.* at 626, 84 S.Ct. at 814.

The Supreme Court remanded the case for further consideration, but discussed what law would be applicable if transfer were ultimately ordered. The court recognized,

> There is nothing ... in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue. *Id.* at 633–34, 84 S.Ct. at 818.

The court then held:

> ... the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms. *Id.* at 639, 84 S.Ct. at 821.

In arriving at its decision, the court expressly noted that it "need not consider whether in all cases § 1404(a) would require the application of the law of the transferor, as opposed to the transferee, State." *Id.*

The lower court decision most heavily relied upon by the Court was *Headrick v. Atchison, T. & S.F.R. Co.*, 182 F.2d 305 (10th Cir.1950). In *Headrick*, the plaintiff, a Missouri resident, was injured in California. The defendant was a Kansas corporation doing business in many states, including New Mexico. After the California statute of limitations had expired, but before the New Mexico statute had run, the plaintiff filed suit in New Mexico. The defendant moved to transfer the action to California pursuant to § 1404(a), but the district court refused the transfer fearing the plaintiff's action would be considered time barred in California.

The Tenth Circuit reversed the trial court, holding that the California statute of limitations would not bar the plaintiff's cause of action and, therefore, was not a proper basis for denying the defendant's motion. The court reasoned:

> Had the case been tried in the New Mexico state court, the procedural laws of New Mexico including the statute of limitations would be applicable * * * [I]n removal cases the Federal Court must apply the state law and the state policy.... Upon removal to the Federal Court in New Mexico, the case would remain a New Mexico case controlled by the law and policy of that state, and if § 1404(a) is applicable and a transfer to the California court is ordered for the convenience of the parties, the witnesses and the interests of justice, there is no logical reason why it should not remain a New Mexico case still controlled by the law and the policy of that state.

Since *Van Dusen* lower courts have struggled to determine what law the transferee court is required to apply when transfer is ordered pursuant to 28 U.S.C. § 1406 or on the motion of the plaintiff. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981); *Martin v. Stokes*, 623

F.2d 469 (6th Cir.1980); and *Carson v. U-Haul Co.*, 434 F.2d 916 (6th Cir.1970).

Title 28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Supreme Court interpreted § 1406 broadly, allowing transfer regardless of "whether the court in which it was filed had personal jurisdiction over the defendant or not." *Id.* at 466–67, 82 S.Ct. at 916. Justice Harlan dissented from the majority's decision, arguing it was:

... incongruous to consider, as the Court's holding would seem to imply, that in the 'interests of justice' Congress sought in § 1406(a) to deal with the transfer of cases where *both* venue and jurisdiction are lacking in the district where the action is commenced, while neglecting to provide any comparable alleviating measures for the plaintiff who selects a district where venue is proper but where personal jurisdiction cannot be obtained. *Id.* at 468, 82 S.Ct. at 916.

Responding to the inconsistency pointed out by Justice Harlan, lower courts have generally held that transfer from a proper venue is permissible when the plaintiff has been unable to obtain personal jurisdiction in a proper venue. *Dubin v. United States*, 380 F.2d 813 (5th Cir.1967); *Gaither v. Boone County Board of Education*, 465 F.Supp. 712 (S.D.N.Y.1979); and *Young v. Cuddington*, 470 F.Supp. 935 (M.D.Pa.1979). Courts have exercised their discretion to transfer timely filed cases to venues where the defendant is amenable to process, even though at the time the motions to transfer were granted the action could not have been refiled in the transferee district due to the expiration of the statute of limitation. *Smith v. Peters*, 482

F.2d 799 (6th Cir.1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886 (1974), and *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8th Cir.1967). In other words, courts have generally held that where the defendant is not amenable to personal jurisdiction, actions filed in proper venues toll the statute of limitations in the transferee district. *Id.*

Since applying the law of the transferor state in an action transferred because the plaintiff was unable to obtain personal jurisdiction over the defendant in the transferor district would allow the plaintiff to choose a statute of limitations which ordinarily could not govern the action, courts have generally held that the law of the transferee state will apply when the action is transferred because the defendant is not amenable to process in the original venue. *Carson v. U-Haul Co.*, 434 F.2d 916, 918 (6th Cir.1970); *T-Birds, Inc. v. Thoroughbred Helicopter Service, Inc.*, 540 F.Supp. 548, 550 (E.D.Ky.1982).[2]

In *Carson*, the plaintiffs originally filed in Georgia, but could not obtain personal jurisdiction over the defendants in that forum. Since the statute of limitations prevented them from originally filing in Kentucky, where the defendants were amenable to process, plaintiffs sought to transfer the action to a district in Kentucky. The court refused to allow the law of the transferor court to apply as in *Van Dusen*, explaining:

... plaintiffs want more than merely to obtain service of process in Kentucky upon parties apparently not properly subject to service of process in Georgia; they want to continue to retain Georgia as the forum state in order to apply that state's longer statute of limitations. This would operate to prejudice the defendants as it has not been established that the Georgia court ever had any jurisdiction over them. If plaintiffs had filed suit in Kentucky instead of in Georgia, the Kentucky statute of limitations

---

**2.** Since most jurisdictions follow an interest analysis or most significant contacts choice of law rule, the plaintiff would not be able to

manipulate the substantive law to be applied. Procedural rules, however, such as the statute of limitations, could be manipulated.

would have barred the claims. To allow the procedure which plaintiffs are now attempting to invoke would encourage forum shopping. *Id.* at 918.

Applying these various decisions in the present context, the Sixth Circuit Court of Appeals has held the law to be applied following a transfer is to be determined by the nature of the transfer. *Martin v. Stokes*, 623 F.2d 469 (6th Cir.1980). When a transfer is ordered because the plaintiff is unable to obtain personal jurisdiction over a defendant, the court held that the law of the transferee district is applicable, and, in transfers ordered solely on the basis of convenience, the law of the transferor district is applicable. *Id.* at 475. *Accord Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1110 (5th Cir.1981). Moreover, the court's opinion in *Martin* suggests that the same rule would be applied regardless of which party requested the transfer. As the court explained,

> If ... the choice of law is based on which party requested the transfer, then the danger of improper forum-shopping would still remain in those situations where the plaintiff had brought his action in a permissible forum but had selected one with less favorable state law. 623 F.2d at 472.

*See also Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1110 (5th Cir.1981).

In the present case, plaintiff has moved to transfer her action pursuant to § 1404(a). No objection to personal jurisdiction has been lodged. Under the Fifth and Sixth Circuits' approach, the transferee court would be required to apply Illinois law. In a case such as this, Illinois courts would apply Illinois' own statute of limitations. *Jackson v. Shuttleworth*, 42 Ill. App.2d 257, 192 N.E.2d 217 (3rd Dist.1963). Thus, if this court was certain the transferee district was bound to apply Illinois' two year limitation in accordance with the Fifth and Sixth Circuit approach, the court would be required to deny the plaintiff's motion to transfer. Transfer would not serve the interests of justice, since the transferee court would merely be required to dismiss the action.

This court, however, does not believe the transferee district is bound to apply the Fifth and Sixth Circuits' approach in the present situation. The Seventh Circuit has not passed upon the question and this court is more persuaded by the approach taken in other district courts than by the approach taken in the Fifth and Sixth Circuits. While there is a certain appealing symmetry to the approach taken by the Fifth and Sixth Circuits, this court is in agreement with the court in *Les Schwimley Motors, Inc. v. Chrysler Motors Corp.*, 270 F.Supp. 418 (E.D.Cal.1967), that such a wooden application of those rules is unsound. *Id.* at 420. Unlike in *Carson v. U-Haul Co.*, 434 F.2d 916 (6th Cir.1970), the plaintiff is not attempting to unfairly disadvantage the defendants. Indeed, as the court pointed out in *Young v. Cuddington*, 470 F.Supp. 935 (M.D.Pa.1979), the plaintiff does "not appear to be attempting to accomplish anything that could not have been accomplished by filing in [Wisconsin] originally." *Id.* at 938. Consequently, this court is inclined to agree with the courts in *Schwimley* and *Young*, that the law of the transferee district should apply in a case such as this.

The only real criticism of allowing the transferee forum's law to apply is that the plaintiff would not have been afforded the same opportunity had she originally filed in Illinois state court rather than the United States District Court for this District. This court is not persuaded by such as argument. The same criticism could be leveled at those Fifth and Sixth Circuit decisions allowing actions which would have been timely filed under the transferee district's statute of limitations to be transferred after the period of refiling the action in the transferee district had expired. Those decisions allow transfer simply because the plaintiff was unable to obtain personal jurisdiction over the defendant in the transferor district. *Smith v. Peters*, 482 F.2d 799 (6th Cir.1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886 (1974); *Dubin v. United States*, 380 F.2d 813 (5th

Cir.1967). If the same events had transpired in state court, those plaintiffs' efforts to refile their actions in a state in which the defendants were amenable to process would have been defeated by the state's statute of limitations. Thus, this discrepancy is not unique to the present situation.

Indeed, in the view of this court, this analysis points out a weakness in the Fifth and Sixth Circuits' approach. If the defendants in this case had initially objected to personal jurisdiction, the court would have been free to transfer this action to the Eastern District of Wisconsin. Under the Fifth and Sixth Circuit approach, the transferee district would have been required to apply its own law and the plaintiff's action would not have been barred. Instead, however, the defendants cleverly waived an apparently valid jurisdictional defense and moved to dismiss the plaintiff's action on the merits.[3] Thus, under the Fifth and Sixth Circuit approach, *defendants* are allowed to manipulate the appropriate statute of limitations. This court is not persuaded that the interests of justice are best served by a choice of law rule which depends upon the litigation strategy employed by the defendants.

While this court obviously favors the application of the transferee forum's statute of limitations in a case such as this, the decision as to what law is applicable in the transferee district ultimately rests with that court. By this decision, this court is merely deciding that a colorable basis exists for applying Wisconsin law. Thus, the transfer of this action is not merely a futile procedural gesture.

### Conclusion

While the court is less than inspired by the plaintiff's attorney's handling of the present action, the court views the interests of justice as favoring an adjudication on the merits of the plaintiff's claim. Thus, for the reasons set forth herein, plaintiff's motion to transfer the present action to the United States District Court for the Eastern Division of Wisconsin is granted and defendant's motion is denied.[4]

---

**3.** Both individual defendants are allegedly Wisconsin residents. Their tortious conduct, if any, was alleged to have occurred in Wisconsin. It is difficult to see how, absent voluntary submission, an Illinois court could have asserted jurisdiction over their persons. Moreover, under Illinois decisions, it appears the plaintiff would have great difficulty obtaining personal jurisdiction over the Wisconsin corporate defendant. *Colnar v. Baldknobbers, Inc.,* 107 Ill.App.3d 234, 63 Ill.Dec. 69, 437 N.E.2d 718 (1st Dist.1982).

**4.** In reaching this decision the court is not unmindful of the Seventh Circuit's decision in *Riley v. Union Pacific Railroad Co.,* 177 F.2d 673 (7th Cir.1949). This court, however, views that

decision, decided before the Supreme Court's decision in *Goldlawr, Inc. v. Herman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), and various recent circuit court decisions expanding upon *Goldlawr,* as no longer binding.